DEAN K. DUNSMORE
DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Tel: (907)271-5452
Fax: (907)271-5827
Email: dean.dunsmore@usdoj.gov
Attorney for Defendants


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| SAFARI CLUB INTERNATIONAL, )<br>ALASKA CHAPTER OF SAFARI CLUB )<br>INTERNATIONAL, et al. )<br>　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　 Plaintiffs, )<br>　　　　　　　　　　　　　　　　 )<br>　　　v. 　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>MITCH DEMIENTIEFF, Chairman, )<br>FEDERAL SUBSISTENCE BOARD, )<br>et al., 　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>　　　　　　　　 Defendants. )<br>_____ ) | No. 3:98-cv-0414-CV-HRH |


DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER

FILED JUNE 12, 2006 (DOCKET ENTRY NO. 269)

Defendants Mitch Demientieff, Chairman, Federal Subsistence Board et al. move the Court to reconsider part 3b at pages 25-27 of the Order Motion for Summary Judgment (Docket Entry No. 269) filed June 12, 2006. The Court's requirement that the agency consider a range of alternatives other than "the 70-30, single-interest representation structure" is contrary to law, and is not required by the Administrative Procedure Act (APA), 5 U.S.C. § 553. The Court may believe that it would have been better if the Secretaries had considered alternatives that would not "bring the confrontation between subsistence users and commercial users into such stark focus." Order (Docket Entry 269) at 26-27. However, it is neither the role of the courts under the APA to substitute their judgment for that of the agencies, *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 415-16 (1971); *Arizona v. Thomas*, 824 F.2d 745, 748 (9th Cir. 1987),  nor to impose on the agencies specific procedural requirements not present in the APA. *Midwater Trawlers Co-Operative v. Department of Commerce*, 393 F.3d 994, 1006 (9th Cir. 2004). Unfortunately, the Court appears to have done both in this instance. The Court has also misread the decision in *Mt Diablo Hospital v. Shalala*, 3 F.3d 1226, 1232 (9th Cir. 1993), as creating a requirement that an agency develop and consider a range of alternatives. The issue in *Mt Diablo Hospital* was whether the agency had provided an explanation responsive to every comment;  not whether an agency has an independent obligation to develop and consider alternatives. *Midwater Trawlers Co-Operative.*

When the APA requires publication of notice of proposed rule making in the Federal Register, it provides that this notice reference "the legal authority under which the rule is proposed," and "the terms or substance of the proposed rule or a description of the subjects and issues involved." 5 U.S.C. § 553(b)(2)&(3). Interested persons are to be given an opportunity "to participate in" and submit "data, views, or arguments" on the proposed rule making. 5 U.S.C. § 553©. The agency  "after

-1-

consideration of the relevant matter presented...shall incorporate in the rules adopted a concise statement of their basis and purpose." *Id.* Nothing in the statute requires the consideration of the alternatives required by the Order (Docket Entry No. 269). In contrast, where Congress has required the consideration of alternatives to a proposed action, it has explicitly so required. *E.g.* Section 102 of the National Environmental Policy Act (NEPA), 42 U.S.C. § 4332(C)(iii).[1]/

Further, an agency's action would be arbitrary and capricious:

> [I]f the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicle Manufacture's Ass'n v. State Farm Mutual Automobile Ins.*, 463 U.S. 29, 43 (1983). *Accord United States v. Clark*, 912 F.2d 1087, 1090 (9th Cir. 1990). Significantly missing from this list is the failure of an agency to independently raise and consider alternatives to its proposed rule making.

The Court relies on the following language in *Mt Diablo Hospital v. Shalala*, 3 F.3d 1226, 1232 (9th Cir. 1993), as requiring an agency to independently consider alternatives to its proposed action: "Agency actions cannot be sustained where the agency has failed to consider significant alternatives." The Court's reliance is misplaced, and the quoted language is taken out of context. Nothing in that decision required that the agencies independently consider alternatives to their proposed "the 70-30, single-interest representation structure." Instead, that decision required only

---

[1]/    The Court may have been equating the requirements of NEPA with those of the APA. For example, the Court noted that no "formal record of decision" was published. A record of decision is a requirement in the regulations issued for the implementation of NEPA, 40 C.F.R. § 1505.2, and not the APA. In this instance the Secretaries' decision and the basis therefor is set forth in 69 Federal Register 60957-62 (Oct. 14, 2004), 10 Administrative Record Tab 82.

that they consider and address comments submitted in response to their proposal. The issue in *Mt. Diablo Hospital* was whether the Secretary of Health and Human Services failed to consider the impact of part-time workers in determining eligible costs under the Medicare reimbursement program. In that case, the facts pertaining to part-time workers were submitted in response to the public notice and the Secretary was requested to consider that information in determining the schedule of reimbursement. F.3d at 1229, 1231-32. The plaintiffs in that case alleged that the Secretary failed to consider these comments. *Id*. at 1232. The issue before the Court of Appeals, was whether, after being given this information, the Secretary adequately considered all "relevant factors." *Id*. at 1232.

The decision relied upon by the Court of Appeals in *Mt. Diablo Hospital* for the statement quoted by this Court was *International Ladies Garment Workers' Union v. Donovan*, 722 F.2d 795, 815-16 (9th Cir. 1983). The facts of that case show that it did not involve the issues of whether the government had an independent duty to develop and consider alternatives to its proposal. In *International Ladies Garment Workers'* the Ninth Circuit addressed whether the Secretary of Labor had unlawfully rescinded longstanding restrictions on the employment of workers in their homes. F.2d at 798. In that case, the Secretary had identified alternatives to the proposal, *id*. at 815, and had received comments suggesting various additional alternatives to the proposed complete recession. *Id*. at 815-16. The Court of Appeals found the Secretary's action to be invalid, not because he did not independently consider a range of alternatives, but because he did not "provide the slightest indication that he gave any consideration to the alternatives raised in his original notice and the comments." Thus, neither the *Mt. Diablo Hospital*, nor the *International Ladies Garment Workers'* decisions involved the issue of whether when the Government proposes an action it has an independent duty under the APA to develop and consider alternatives. Those cases addressed only

the issue of whether adequate consideration was given to information and alternatives received during the public comment and hearing stage. Those decisions do not create the duty the Court has found in this case: an obligation independent of the comments received to evaluate potential alternatives.

The record in this case shows that the Secretaries have fully met the obligations imposed on them by the APA as set forth in the *Mt. Diablo Hospital* and *International Ladies Garment Workers'* decisions. The written comments received are found in 5 Administrative Record (AR), Tab 36. The comments received at the public hearing are found in 6 AR Tab 39 at 5261-87. The comments received are summarized and specifically addressed in 69 Federal Register 60959 col. 2 through 60961 col. 1. A comparison of the comments received and the Federal Register will show that all substantive comments were identified and addressed. The comments related to the proposed 70/30 representational balance and single interest representation are identified and addressed at 69 Fed. Reg. 60960 col. 1 and col. 2. The comments are found in 5 AR Tab 36 at 4989-91 and 6 AR Tab 39 at 5274-75. The comments opposed the a "70/30 quota allocation" on the grounds that its was contrary to ANILCA to provide for "exclusive representation of sport and commercial interests," and not needed as the Councils were already balanced. *Id*. The only alternatives suggested, however, were to continue the existing system or evaluate all RAC nominees by the same, neutral, relevant criteria and not to use a quota system. *Id*. Those comments were specifically addressed. 69 Fed. Reg. 60959 col. 3 to 60960 col. 1; 60660 col 2.

The Secretaries also identified and addressed the other comments regarding the composition of the councils: subsistence users need to be in the majority, 69 Fed. Reg. 60959 col. 3; rural communities should be allocated one seat, *id* 60959 col. 3 - 60960 col.1; sport users should be banned from the councils, *id*, 60960 col. 1; representation should be no more than 70% for

-4-

subsistence users, *id.*; representation should be 80/20, *id.* cols. *1-2;* there should be a public interest representative on each council, *id.* cols. 2-3; other interests should be represented such as conservation, Native and recreational, *id.* col. 3; council composition should maintain ethnic, gender and geographical balance, *id*; and all nominees should be evaluated on the same criteria, *id.* 60961 col. 1. As shown above, this is all that was required by the APA.

Therefore, the Court should reconsider its ruling in part 3b of the Order of June 12, 2006, and find the challenged rule making to be valid. This reconsideration will also require the Court to address that portion of part 3e of its Order at 29, regarding the exclusion of interests other than sport and commercial users on which it did not rule because of its ruling in part 3b.

DATED this 16th day of June 2006.

> /s/ Dean K. Dusnmore
> DEAN K. DUNSMORE
> DEPARTMENT OF JUSTICE
> Environment & Natural Resources Division
> 801 B Street, Suite 504
> Anchorage, Alaska 99501-3657
> Telephone:(907)271-5452
> Facsimile: (907)271-5827
> Email: dean.dunsmore@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of June 2006 a copy of the foregoing **DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER FILED JUNE 12, 200R (DOCKET ENTRY No. 269)** was served electronically on:

Brent R. Cole
Anna M. Seidman
Heather Kendall-Miller
Carol H. Daniel


/s/ Dean K. Dunsmore
DEAN K. DUNSMORE
Attorney for Defendants