Brent R. Cole, Esq.
MARSTON & COLE, P.C.
745 West Fourth Avenue, Suite 502
Anchorage, AK  99501
907-277-8001

Anna M. Seidman, Esq.
SAFARI CLUB INTERNATIONAL
501 2nd Street, N.E.
Washington, D.C.  20002
202-543-8733
aseidman@sci-dc.org

Attorneys for the Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL, et al.    )<br>                                                    )<br>                  Plaintiffs,                    )<br>                                                    )<br>   v.                                               )<br>                                                    )<br>MITCH DEMIENTIEFF, Chairman,       )<br>FEDERAL SUBSISTENCE BOARD, et al.  )<br>                  Defendants,                   )<br>                                                    )<br>   and                                              )<br>                                                    )<br>VENETIE et al.                               )<br>                                                    )<br>                  Defendant-Intervenors.    ) | Case No. A98-414 CV(HRH) |

PLAINTIFFS' MOTION FOR RECONSIDERATION, CLARIFICATION, AND/OR
AMENDMENT OF ORDER ENTERED JUNE 12, 2006

Plaintiffs Safari Club International et al. ("SCI"), hereby move this Court to reconsider, clarify and/or amend the Order issued by this Court on June 9, 2006 ("Final Order").[1] On June 16, 2006, Defendants Demientieff et al. ("Defendants") also filed a Motion for Reconsideration[2] of the Final Order. SCI concurs with the arguments presented by Defendants' Motion and provides the following additional points and authorities in support of reconsideration, clarification and/or amendment of the Final Order.

Reconsideration is appropriate to rectify a judgment that is based upon errors of fact and/or law and where amendment is required to prevent manifest injustice to the parties and others. *School District No. 1J v. AC and S*, 5 F.3d 1255, 1263 (9th Cir. 1993). The Final Order, on its face, contains mistakes of fact, giving rise to errors of law. Moreover, the Order, without modification, will impose injustice on Plaintiffs and others who are affected by the recommendations of the Regional Advisory Councils ("RACs").

The Final Order determined the legality of a federal regulation designed to fairly balance the memberships of RACs ("70/30 Rule") under the Alaska National Interest Lands Conservation Act, 16 U.S.C. §§ 3101 *et seq*. ("ANILCA"), the Federal Advisory Committee Act, 5 U.S.C. App. 2 ("FACA") and the Administrative Procedures Act, 5 U.S.C. §§ 701-06 ("APA"). This Court found nothing in the 70/30 Rule that constituted a violation of either ANILCA or FACA. (Final Order pp. 14, 17, 19, 21, 22, 23, and 29). The only illegality identified in the Final Order was the 70/30 Rule's compliance with the APA. More specifically, this Court found that the Administrative Record certified by Defendants was inadequate to explain or justify their adoption of the 70/30 Rule (Final Order p. 18); that there was no evidence that Defendants considered any significant regulatory alternatives

---

[1] (Docket Entry No. 269) The Order was entered by the Clerk on June 12, 2006
[2] (Docket Entry No. 270)

other than a 70/30 single interest representation structure (Final Order, p. 26); and that "defendants should have considered ways to get the necessary balance without going to a scheme that brings the confrontation between subsistence users and commercial users into such stark focus" (Final Order pp. 26-27).

### Sufficiency of Federal Defendants' Explanation for Selection of 70/30 Rule

The Court's determination that the Administrative Record "failed to articulate [Defendants'] rationale for the choices they made in adopting the final rule" (Final Order p. 30) was based in part upon the Court's determination that it could not consider the Stevens' Amendment as a justification for Defendants' choice of a single-interest 70/30 membership balance scheme.   The decision not to consider the Stevens' Amendments arose from the Court's mistake about the absence of documentation of the Stevens' Amendments and the legislation's role in the Defendants' choice of approach for the 70/30 Rule.  The Final Order erroneously states that "[n]owhere in the administrative record that has been certified to the court are the Stevens Amendments *mentioned*." (Final Order p. 29 (emphasis added)).

Not only were the Stevens Amendment *mentioned* in the Administrative Record, but their historical role in the evolution of the 70/30 Rule was documented at length in a letter submitted by Intervenors as comments to the proposed version of the 70/30 Rule.[3]   Had the Court taken this evidence into account, it would have been able to find adequate evidence of and justification for the Federal Defendants' decision to select a 70/30 membership balance of single-interest representatives.[4]

### Consideration of Significant Alternatives That Do Not Bring the Confrontation Between Subsistence Users and Commercial Users Into Such Stark Focus

---

[3] Administrative Record for 2005 Final Rule, Vol. 5, at 4987-89 (attached as Exhibit "A").

[4] And, as the Court aptly noted, Defendants' consideration of the Stevens' Amendments in developing the 70/30 Rule was in no way improper or a violation of ANILCA, FACA or the APA. (Final Order, p.29).

The Final Order rejected the 70/30 Rule because this Court could find no evidence in the Administrative Record to show that Defendants considered any alternatives other than the 70/30, single-interest representation structure. The Court critiqued the nature of alternatives examined by Defendants, commenting that "defendants should have considered ways to get the necessary balance without going to a scheme that brings the confrontation between subsistence users and commercial users into such stark focus." (Final Order p. 27). Plaintiffs concur with Defendants that federal rulemaking does not require an agency to consider or select non-controversial alternatives. However, even if this obligation did exist, Defendants fulfilled it.

The Final Order fails to take into account the alternative proposed as a resolution by the Eastern Interior RAC and subsequently documented in the Administrative Record as part of a hearing held by the Western Interior RAC. The Eastern Interior RAC recommended that RAC "applicants be able to provide a percentage breakdown of their activity and type of user group" and that the membership composition "be achieved by combing the percentages of each Council applicant ratings."[5] In essence the Eastern Interior RAC offered an alternative that would let individual members each represent multiple user groups. Defendants, in the Comment and Response section of the Final Rule, considered this alternative, rejected it and discussed their reasons for rejecting this approach.

> Comment: The Councils are already balanced because many members already participate in and represent various interests. *The representational balance should be derived from the percentage of each individual member's activities.* FACA does not require that each member make an arbitrary declaration of intent to support a single interest. . . .
> Response: We recognize that there are and have been individuals serving on the Councils who may participate in many types of uses (subsistence, sport and commercial) and are knowledgeable about the different interests.

---

[5] Administrative Record for 2005 Final Rule, Vol. 3, at 3031-2 (attached as Exhibit "B.").

> However, we are required by FACA to demonstrate that the Regional
> Advisory Councils continue to be fairly balanced in terms of points of view
> represented and the functions to be performed by the Council. Consequently,
> we have requested that people applying for Council seats declare their primary
> interest because it is the individual applicant who is the most knowledgeable
> about his/her viewpoints. . . . [6]

Thus, Defendants did in fact consider a less confrontational alternative and rejected it,

explaining that divided representation would not provide the nature of advocacy required for

FACA compliance.

If there is any insufficiency in the rulemaking, it does not lie with the alternatives

considered and may only appear in the clarity of the explanation offered by Defendants for

the choices that they made.  If the 70/30 Rule must be remanded, Defendants need not begin

rulemaking anew.  Instead, the Court need only return the 70/30 Rule to Defendants for a

clarification of the explanation underlying their selection and rejection of alternatives.

Courts frequently choose remand for further explanation only when faced with an

Administrative Record lacking in its explanation of the reasons for agency action.  *Public

Power Council v. Johnson*, 674 F.2d 791, 793-794 (9th Cir. 1982); *Sears Savings Bank v.

FSLIC, 775 F.2d 1028, 1029 (9th Cir. 1985).*

### An Unjust Remedy

In the Final Order, this Court invalidated the 70/30 Rule, enjoined and restrained

Defendants from its implementation and directed Defendants to initiate new rulemaking

proceedings.  (Final Order, p. 30).  As a result, Defendants are currently midway through

their annual RAC member selection process[7] and have now been ordered to continue that

process using selection criteria that bear no interest balancing mechanisms and no safeguards

---

[6] 69 Fed. Reg. 60957, 60960 (October 14, 2004).
[7] Applications from parties interested in serving on an RAC are due in January and the appointments
to the RAC are usually finalized in November.

4

to facilitate the representation of non-subsistence interests and that have previously been deemed in violation of the FACA. Although the Final Order has identified nothing in the 70/30 Rule that violates ANILCA or the FACA, this Court has ordered Defendants to abandon the 70/30 Rule's substantively legal selection process for one that is patently in violation of the FACA. As a consequence, RAC members in 2006 will be selected by a process that violates federal law. SCI and other members of the recreational hunting community, whose right to representation on the RACs has been acknowledged by this Court, will suffer another RAC selection without any safeguards to protect their interests.

Earlier in this litigation, in the Order, Motions for Summary Judgment (Docket Entry No. 208), this Court refused to enjoin "[D]efendants' ongoing management of fish and wildlife on federal lands" ruling that "it simply will not do to have the routine business of defendants disrupted while defendants give the necessary further consideration to how regional advisory councils should be structured." p. 63 Plaintiffs ask this Court to adopt a similar approach with the Final Order. Thus if remand is necessary, SCI moves that this Court allow the 70/30 Rule to remain in place to continue to protect the fair balance of the RACs while APA irregularity can be rectified.

Dated this _____ day of June, 2006, at Anchorage, Alaska

MARSTON & COLE, P.C.
Attorneys for Plaintiffs

By: _____s/_____
        Brent R. Cole, Esq.
        745 West Fourth Avenue, Suite 502
        Anchorage, Alaska99502
        (907) 277-8001
        (907) 277-8002
        cole@pobox.alaska.net

        Alaska Bar No.8606074

5