
Brent R. Cole, Esq.
MARSTON & COLE, P.C.
745 West Fourth Avenue, Suite 502
Anchorage, AK  99501
907-277-8001

Anna M. Seidman, Esq.
SAFARI CLUB INTERNATIONAL
501 2nd Street, N.E.
Washington, D.C.  20002
202-543-8733
aseidman@sci-dc.org

Attorneys for the Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL, et al.           )<br>                                                                     )<br>                         Plaintiffs,                     )<br>                                                                     )<br>  v.                                                                )<br>                                                                     )<br> MITCH DEMIENTIEFF, Chairman,        )<br> FEDERAL SUBSISTENCE BOARD, et al. )<br>                         Defendants,                   )<br>                                                                     )<br>   and                                                           )<br>                                                                     )<br> VENETIE et al.                                           )<br>                                                                     )<br>                         Defendant-Intervenors.  )  | Case No. A98-414 CV(HRH) |

**Plaintiffs' Response in Support of Defendants' Rule 60(b) Motion**

In accordance with the June 19, 2006 Order from Chambers (Docket Entry No. 272), Plaintiffs Safari Club International *et al*. now file this Response in Support of Defendants' Rule 60(b) Motion for Reconsideration. On June 19, 2006, Plaintiffs filed their own Motion for Reconsideration, Clarification and/or Amendment of Order (Docket Entry No. 271). The Court has not yet ruled on Plaintiffs' Motion. By reference, Plaintiffs hereby incorporate into this Response the points and authorities that Plaintiffs previously presented in their Motion for Reconsideration, Clarification and/or Amendment of Order. To further support and supplement Defendants' Rule 60(b) Motion, Plaintiffs also present the following additional points and authorities.[1]

## Clarification of the Court's Remand

In its Order, Motion for Summary Judgment dated June 9, 2006 and entered June 12, 2006 ("Final Order"),[2] this Court expressed dissatisfaction with the Final Rule published by Defendants on October 14, 2004 ("Final Rule"). This Court's Final Order determined that Defendants should have considered additional alternatives, including those that would not "bring[] the confrontation between subsistence users and commercial users into such stark focus." (Final Order pp. 26-27).

The language of the Final Order suggests that this Court had one particular kind of alternative in mind in directing Defendants to commence new rulemaking. Plaintiffs are concerned that the Final Order creates the appearance that the Court is attempting to impose upon the Defendants substantive rulemaking requirements not found in the Alaska National Interest Lands Conservation Act, 16 U.S.C. §§ 3101 *et seq*., ("ANILCA"); the Federal Advisory Committee Act, 5 U.S.C. App. 2 ("FACA"); or the Administrative Procedures Act,

---

[1] On June 28, 2006, Defendants filed a Motion to Amend Judgment --Federal Rule of Civil Procedure 59 (Docket Entry No. 277). Plaintiffs intend to file a separate response to the allegations made in that motion.
[2] Docket Entry No. 269.

**Plaintiffs' Response in Support of Defendants' Rule 60(b) Motion**  
**Case No. A98-414 CV (HRH)**                                                                                          2

5 U.S.C. §§ 701 *et seq*. ("APA"). Since, nothing in ANILCA, the FACA or the APA directs the federal government to consider or select a rulemaking alternative that is designed to avoid conflicts between the interest groups that are legally required to have representation on these Regional Advisory Councils ("RACs"), Plaintiffs seek clarification as to whether the Court's comment offers a suggestion as to the subject of additional alternatives Defendants could possibly consider or a mandate as to the type of alternatives Defendants must consider for APA compliance.

Plaintiffs have no desire to inflame the ever simmering tensions between user groups. Plaintiffs are nonetheless convinced that any plan that Defendants adopt to give nonsubsistence interests *meaningful* representation on the RACs, regardless of the specific strategy selected, will invite some dissatisfaction in those individuals and groups who believe that sport hunters and anglers should be prohibited from participating on the RACs. That inevitable dissatisfaction is evidenced by statements such as the following comment submitted to the Defendants in response to the proposed version of the Final Rule:

> Sport users should be banned from sitting on these Councils. FACA's balanced representational requirement doesn't require the appointment of sport and commercial interests to the Councils. Representation from other interest groups (i.e., commercial and sport interests) dilutes the purpose of the councils.

69 Fed. Reg. 60957, 60960 (October 14, 2004). Consequently, the Final Order creates the appearance that the Court wishes to impose on Defendants an insurmountable burden. "Courts cannot require the agency to consider alternatives to the action that are too hypothetical or infeasible to merit serious consideration." *Commonwealth v. Andrus,* 594 F.2d 872, 884 (1st Cir. 1979).

Although the Court may disagree with the agency's rulemaking choice, a flaw in the agency's explanation of that choice does not give the Court license to point the agency toward particular rulemaking alternatives. "[A] court is governed by a 'rule of reason' and may not use minor lapses in the statement as an excuse to thwart actions that it believes to be unwise." *Id*. (rejecting the idea that a Court may attempt to use an inadequately drafted Environmental Impact Statement as a means of rejecting an agency's choice of alternative). A court lacks the power to order an agency to adopt specific types of rules that would reflect the court's personal best judgment of how to deal with a regulatory issue. *Mision Industrial Inc. v. EPA*, 547 F.2d 123, 131 (1st Cir. 1976). A court may not order an agency to promulgate any particular regulation or set of regulations. *Plan for Acada Inc., v. Anita Associates*, 501 F.2d 390, 392 (9th Cir. 1974), *cert. denied* 419 U.S. 1034, 95 S.Ct. 517 (1974).

This Court's desire to reduce the tension between user groups is admirable, but nothing in any law applicable to the Defendants' rulemaking powers or obligations authorizes the Court to require Defendants to consider any particular rule to achieve the statutory mandates, much less to adopt a less controversial proposed rule. Because the Final Order issued on June 9, 2006 and entered on June 12, 2006 creates the impression that the Court is directing the Defendants toward a particular type of rulemaking alternative, Plaintiffs must ask the Court for clarification of the nature and extent of the rulemaking obligations that the Court has directed Defendants to fulfill in order for Defendants to meet their FACA and APA requirements.

WHEREFORE, in accordance with the foregoing points and authorities, together with the points and authorities Plaintiffs previously identified in their Motion for Reconsideration,

Clarification and/or Amendment of Order, Plaintiffs respectfully request that this Court reconsider, clarify and/or amend its Order of June 9, 2006.[3]

Dated this _____ day of June, 2006, at Anchorage, Alaska

        MARSTON & COLE, P.C.
        Attorneys for Plaintiffs

By:  ____s/_____
        Brent R. Cole, Esq.
        745 West Fourth Avenue, Suite 502
        Anchorage, Alaska99502
        (907) 277-8001
        (907) 277-8002
        cole@pobox.alaska.net

        Alaska Bar No.8606074

---

[3] In addition, Plaintiffs seek reconsideration, clarification and/or amendment of the Judgment entered on June 20, 2006.

**Plaintiffs' Response in Support of Defendants' Rule 60(b) Motion**　　　　　　　　　　　　　　　　5
**Case No. A98-414 CV (HRH)**