Heather Kendall Miller
NATIVE AMERICAN RIGHTS FUND
420 "L" Street, Suite 505
Anchorage, Alaska 99501-3657
Tel: (907) 276-0680
Fax: (907) 276-2466
Email: kendall@narf.org

Attorney for Intervenors

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL, *et al.* ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MITCH DEMIENTIEFF, Chairman, ) <br> Federal Subsistence Board, *et al.*, ) <br> ) <br> Defendants, ) <br> ) <br> and ) <br> ) <br> NATIVE VILLAGE OF VENETIE TRIBAL ) <br> GOVERNMENT, *et al.* ) <br> ) <br> Defendant-Intervenors. ) <br> _____) | No. A98-0414-CV (HRH) <br> Filed Electronically |

INTERVENORS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION
OF ORDER FILED JUNE 12, 2006  (DOCKET ENTRY NO. 269)

This Court's June 12, 2006 *Order* overturned Defendants' 70/30 rule because the agencies failed to consider any significant alternatives to a quota system, *Order* at 25-27 (citing *Mt. Diablo Hospital v. Shalala*, 3 F.3d 1226 (9th Cir. 1993) (Dkt. No. 269), a failure the Court found particularly troubling "[g]iven the history of the regional advisory council make-up, and the long history of antagonism between competing groups." *Id.* at 26.  Because of this ruling, the Court did

not pass upon Intervenors' further contention that the challenged rule also failed to include users (both consumptive and non-consumptive) other than sports and commercial users. *Id.* at 29.

Relief under Rule 60(b) is unwarranted. The Court's June 12 *Order* correctly interprets applicable precedent and is certainly not manifestly unjust.[1]

Rule 60(b)(6) is used only under extraordinary circumstances.[2] 11 CHARLES ALAN WRIGHT *ET AL.*, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995) ("reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly"). Thus the Ninth Circuit has repeatedly noted that Rule 60(b)(6) "'has been used sparingly and as an equitable remedy to prevent manifest injustice.'" *Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004), *cert. denied* 544 U.S. 908 (2005) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). It is a remedy to be utilized only in "'extraordinary circumstances.'" *Id.* (quoting *Greenwalt v. Stewart*, 105 F.3d 1268, 1273 (9th Cir. 1997)). Thus a party invoking Rule 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *U.S. v. Washington,*

---

[1] This Court has directed Plaintiffs and Intervenors to respond only to Defendants' June 16 motion at Dkt. No. 270, and to do so "as a Rule 60(b) motion" *Order from Chambers* (Dkt. No. 272). Although Defendants have requested reconsideration of that *Order* under Local Rule 59.1 (*see* Dkt. Nos. 274 & 275), no response is permitted absent further order from the Court. Accordingly, Intervenors here do not address Defendants' contention that their motion, filed before any judgment was even entered, should nonetheless be assessed under Fed. R. Civ. P. 59(e). (For similar reasons, Intervenors do not here respond to Plaintiffs' Motion for Reconsideration, Clarification and/or Amendment (Dkt. No. 271) absent further order of the Court.) However, Intervenors do intend to respond to Defendants' 22-page *Motion to Amend Judgment* filed June 28, 2006 (Dkt. No. 277) (although much of that Motion repeats the arguments Defendants advance in their Rule 60(b)(6) Motion).

[2] Defendants make no claim that reconsideration is justified under any of the circumstances described in Fed. R. Civ. P. 60(b)(1)–(5).

394 F.3d 1152, 1157 (9th Cir. 2005) (quoting *Community Dental Services v. Tani*, 282 F.3d 1164, 1168 & n.8 (9th Cir. 2002)).

Defendants make no showing of injury or circumstances beyond their control that justify "'extraordinary relief'" under Rule 60(b)(6). Rather, they simply argue that this Court misinterpreted the applicable law governing actions brought under the Administrative Procedures Act (APA), 5 U.S.C. § 553. Defs. Mot. at 1. But it is Defendants that misinterpret the applicable law.

When discussing *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Automobile Ins.*, 463 U.S. 29 (1983) (Def. Mot. at 2), Defendants fail to acknowledge that the Supreme Court there rejected the very argument Defendants advance here. In *Motor Vehicle,* Petitioners argued that a court's instruction to an agency to consider other alternatives on remand improperly dictates the procedures the agency should follow. The Court disagreed, holding that consideration of alternatives did <u>not</u> impose additional procedural requirements, nor did it improperly require an agency to consider all policy alternatives. Rather, reasoned decision-making requires consideration of alternatives with adequate reason given for their rejection. *Id.* at 48.

As for *Mt. Diablo Hosp. v. Shalala*, 3 F.3d 1226, 1232 (9th Cir. 1993), there the Ninth Circuit repeated the oft-cited proposition that courts review actions "under the APA to determine if the agency has adequately considered all 'relevant factors.'" *Id*. at 1232, citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416(1971). The court continued:

> We may conclude that an agency has ignored relevant factors where its action amounts to an 'artificial narrowing of options' [which] is antithetical to reasoned decision making . . . .. Agency actions cannot be sustained where the agency has failed to consider significant alternatives. Similarly, an action will not be upheld where the agency has intentionally omitted evidence from consideration <u>or where there is nothing in the record to support the agency's decision.</u>

*Id.* at 1232 (citations omitted) (emphasis added). This Court's June 12 *Order* is fully consistent with *Mt. Diablo* and judicial review under the APA, and certainly does not constitute "manifest injustice" under Rule 60(b)(6). The Order simply demands "a clear understanding of why the membership rule was formulated by the Secretaries as it was." *Order* at 18. The Court further explains:

> The administrative record that has been provided to the court concerning the 70/30 rule is totally inadequate to explain and/or justify the regulatory choices made by the Secretaries in adopting the 70/30 rule.

*Id.* The Court later explains that "[t]he 70/30, single-interest representation structure is one way, but not the only way, to approach the fair balance required by FACA. *Id.* at 23-24. Then, after quoting the Ninth Circuit's discussion in *Mt. Diablo* about an agency's failure to consider significant alternatives, the Court criticized Defendants for not addressing this issue, noting that "[N]owhere in these two pages do Defendants outline what alternatives they considered." *Id.* at 26. The Court reiterates this concern with respect to the administrative record:

> [T]he Court can find no evidence to suggest that Defendants considered any means for achieving fairly balanced, regional advisory councils other than the 70/30, single-interest representation structure. Given the history of the regional advisory council make-up, and the long history of antagonism between competing groups, Defendants should have considered ways to get the necessary balance without going to a scheme that brings the confrontation between subsistence users and commercial users into such stark focus. In short, there is nothing in the certified administrative record that shows that Defendants considered significant alternatives.

*Id.* at 26-27. The Court's stated purpose of forcing the agency to consider other alternatives is to drive the agency to ultimately adopt the best alternative in light of all competing considerations; and if not, then to clearly explain why a less favorable alternative was selected. This purpose is consistent with the Ninth Circuit's admonition that a reviewing court can "conclude that an agency has ignored relevant factors where its action amounts to 'an artificial narrowing of options' [which]

4

is antithetical to reasoned decision making . . . . Agency actions cannot be sustained where the agency has failed to consider significant alternatives. " *Mt. Diablo*, 3 F.3d at 1232 (quoting *Int'l Ladies' Garment Workers' Union v. Donovan*, 722 F.2d 795, 817 (D.C. Cir.1983)).

This area of law, and particularly *Mt. Diablo*, was thoroughly briefed to this Court by Intervenors. *See,* Intv. Mem. at 40- 46 (Dkt. No. 258); Reply Br. at 22 - 24 (Dkt. No. 266). For strategic reasons known only to Defendants, they elected not to address the issue. Under these circumstances, Rule 60(b)(6) is not available to relieve the Defendants of the consequences of their own choices. In all events, this Court's resolution of the issues presented does not yield a "'manifest injustice,'" much less the "'extraordinary circumstances'" required for relief under Rule 60(b)(6). *Hamilton*, 374 F.3d at 825.

This Court has struck down Defendants' failure to comply with the APA, not once but twice.[3] To the extent the resulting rule is void due to those violations, it is a problem of the agency's own making and a problem the agency could have avoided by taking seriously its responsibility under the law following the Court's first remand. Having failed to do so, the Court's judgment correctly sets aside the rule leaving in place the pre-existing regime for appointing RAC members. *Paulsen v. Daniels*, 413 F.3d 999, 1008 (9th Cir. 2005) ("The effect of invalidating an agency rule is to reinstate the rule previously in force.").

Respectfully submitted this 3rd day of July 2006.

/s/ Heather Kendall Miller
Heather R. Kendall-Miller (AK Bar # 9211084)
NATIVE AMERICAN RIGHTS FUND

---

[3] In its Order Motion for Summary Judgment, Jan. 16, 2004 (Dkt. No. 208), this Court directed "that implementation of the 70/30 'rule' must cease. Intervenors are entitled to an injunction precluding implementation of the 70/30 'rule' unless and until the formalities of 5 U.S.C. § 553 are observed." *Order* at 62.

        420 L Street, Suite 505
        Anchorage, Alaska 99501
        Tel:  (907) 276-0680
        Fax:  (907) 276-2466
        Email: kendall@narf.org

        Attorney for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 3, 2006, a copy of foregoing INTERVENORS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION, CLARIFICATION, AND/OR AMENDMENT OF ORDER FILED JUNE 12, 2006 (DOCKET ENTRY NO. 269) was served electronically on

Dean K. Dunsmore
Brent R. Cole
Anna M. Seidman
Carol H. Daniel

/s/ Heather Kendall Miller