DEAN K. DUNSMORE
DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Tel: (907)271-5452
Fax: (907)271-5827
Email: dean.dunsmore@usdoj.gov
Attorney for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL, ALASKA CHAPTER OF SAFARI CLUB INTERNATIONAL, et al.,<br><br>            Plaintiffs,<br><br>   v.<br><br>MITCH DEMIENTIEFF, Chairman, FEDERAL SUBSISTENCE BOARD, et al.,<br><br>            Defendants. | No. 3:98-cv-0414-CV-HRH |

REPLY IN SUPPORT OF

DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER

FILED JUNE 12, 2006 (DOCKET ENTRY NO. 269)

Defendants Mitch Demientieff, Chairman, Federal Subsistence Board et al. submit this reply in response to Intervenors' Opposition to Defendants' Motion for Reconsideration of Order Filed June 12, 2006 (Docket Entry No. 269) and in support of Defendants' Motion for Reconsideration of Order Filed June 12, 2006 (Docket Entry No. 269) filed June 16, 2006 (Docket Entry No. 270).

A.  <u>Motion for Reconsideration</u>. As a threshold matter intervenors incorrectly contend that the standards applicable to a motion filed under Fed. R. Civ. P. 60(b) are applicable to defendants' motion. Defendants have shown that Ninth Circuit precedent requires that their motion be treated as filed under Rule 59, not Rule 60(b). Defendants' Corrected Motion for Reconsideration of Order from Chambers Filed June 19, 2006 (Docket Entry No. 272) filed June 22, 2006 (Docket Entry No. 275). Motions for reconsideration of orders granting summary judgment are to be treated as motions filed pursuant to Rule 59 of the Federal Rules of Civil Procedure. *Hoffman v. General Motors Acceptance Corp.*, 814 F.2d 1385, 1387 (9th Cir. 1987): "District courts should treat motions seeking reconsideration of dismissal or summary judgment as Rule 59(e) motions, whether or not they cite the rule." As the court's Order of June 12, 2006 granted summary judgment, defendants' motion for reconsideration is a Rule 59(e) motion, and is to be judged under the standards applicable to a Rule 59 motion.

Further, even if the Court's order of June 12, 2006, were not

-1-

a ruling on a motion for summary judgment, defendants' motion for reconsideration was filed within ten days of that order. For that reason too, defendants' motion (Docket Entry No. 270) is to be treated as a motion filed under Rule 59, and not under Rule 60(b). *Shapiro v. Paradise Valley Unified School District No. 69*, 374 F.3d. 857, 863 (9th Cir. 2004).

Intervenors also contend that the decision in *Motor Vehicle Manufacturer's Ass'n v. State Farm Mutual Automobile Ins.*, 463 U.S. 29, 43 (1983), supports this court's imposition of an independent requirement that defendants develop and consider alternatives to single-interest representation on the regional advisory councils despite the fact that no such alternatives were suggested in the public comments.[1]/ Intervenors are incorrect. The facts in *Motor Vehicle Manufacturer's Ass'n* closely resembled those in both *Mt. Diablo Hospital v. Shalala*, 3 F.3d 1226, 1232 (9th Cir. 1993), and *International Ladies Garment Workers' Union v. Donovan*, 722 F.2d 795, 815-16 (9th Cir. 1983), that were discussed in defendants' motion. In all three cases the agency failed to offer any explanation why it had not adopted an identified option.

---

[1]/   Intervenors misstate how the single-interest representation system is expected to operate. As already shown in Defendants' Opposition to Intervenors' Memorandum on Amended Cross-Claim (Docket Entry No. 263) filed November 8, 2005, at 19, while applicants are to state the interest they wish to represent, they, as members of a council, are expected to use their broader knowledge and not just advocate at all times for their designated interest. 69 Federal Register at 60959, col. 3. The regulations do not set up an adversary system of representation.

In *Motor Vehicle Manufacturer's Ass'n* the National Highway Traffic Safety Administration (NHTSA) rescinded a requirement for the installation of passive restraint systems by automobile manufacturers in certain new motor vehicles. In taking this action, the NHTSA did not consider requiring only the installation of airbag technology, even though the agency's original proposal had "contemplated the installation of inflatable restraints in all cars." 463 U.S. at 46. Later in the administrative progress,[2]/ the installation of automatic seatbelts was added because they were "believed to be as effective as airbags." *Id*. at 46-47. The ultimate final rule making rescinded an automatic seatbelt requirement for lack of effectiveness but did not require the installation of airbags. In doing so, the NHTSA did not cast any doubt on the effectiveness of airbag technology, and it did not state any basis for not requiring at least the installation of airbags. *Id*. at 47-48. Given NHTSA's acknowledgment of the effectiveness of airbag, the Court held that the use of airbag technology should have been addressed by the NHTSA. *Id*. at 48.

The Court in *Motor Vehicle Manufacturer's Ass'n* did not change the existing law that an agency is not required to consider every alternative. *Id*. at 51. The Court required consideration by NHTSA

---

[2]/  As the lower court noted, this administrative process was very complicated and resulted in the publication in the Federal Register of twenty-four notices and amendments. *State Farm Automobile Insur. Co. v. Dept. Of Transportation*, 680 F.2d 206, 210 (D.C. Cir. 1982).

-3-

of airbag technology as an alternative passive restraint standard only because it was an available technology that had been previously considered and found effective by the agency.

This case could not be more different. As defendants and plaintiffs[3]/ have already shown, the agency fully addressed all comments presented to the proposed rule making and the options suggested therein including comments directed to single-interest representation. Defendants have, therefore, already met the requirements of the *Motor Vehicle Manufacturer's Ass'n* case. No more can lawfully be required.

   B.   Voiding of Final Rule.   Intervenors raise a matter not raised by defendants' motion: the effect of the voiding of the challenged regulation. They contend that the decision voiding the existing rule presents no problem because it revives the previously existing regulation. Presumably, this is the regulation last codified at 36 C.F.R. § 242.11(b) and 50 C.F.R. § 100.11(b) (2004), as this is the regulation that was replaced by the final rule promulgated on October 14, 2004, 69 Federal Register at 60962. That regulation, 36 C.F.R. § 242.11(b) and 50 C.F.R. § 100.11(b) (2004), however, contained no provisions for representational balance on the regional advisory councils. It merely restated the statutory requirement, 16 U.S.C. § 3115(a), that members of a council must be

---

[3]/   Plaintiffs' Response in Support of Defendants' Rule 60(b) Motion (Docket Entry No. 279) filed June 30, 2006.

residents of the region and added that members of a council must also be knowledgeable about the region and subsistence uses of the public lands therein.

Plaintiffs did not challenge the validity of this prior rule. Instead, they effectively contended that it was being unlawfully applied in violation of the Federal Advisory Committee Act (FACA) of October 12, 1972, Pub. L. No. 92-463, 86 Stat. 770. Amended Complaint (Docket Entry No. 29) filed January 10, 2000, ¶¶ 67.[4]/

During the course of proceedings on plaintiffs' action, the agency issued policy guidelines for maintaining FACA's fairly balanced requirement on the regional advisory councils. This was the 70/30% policy that was challenged by intervenors and was one of the subjects of Order Motion for Summary Judgment (Docket Entry No. 208), filed January 16, 2004, at 52-64. In that order, the court held that the 70/30% policy was a substantive rule that could only be implemented following compliance with the public notice and opportunity to comment requirements of 5 U.S.C. § 553. Order (Docket Entry No. 208) at 58-62. The court, accordingly, precluded implementation of this policy. *Id*. At 62-63. The court went further, however, and explicitly ordered defendants to commence and complete "the adoption and implementation of an appropriate regional advisory council membership regulation consistent with

---

[4]/   The court also never explicitly found 36 C.F.R. § 242.11(b) and 50 C.F.R. § 100.11(b) (2004) to be invalid. Judgment in a Civil Case (Docket Entry No. 209) filed January 21, 2004.

FACA after compliance with 5 U.S.C. § 553." Order (Docket Entry No. 208) at 65.

The Court had jurisdiction under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, to order defendants to promulgate a new regulation only if it found some defect in the former regulation. Unless the prior regulation was defective, the court should have only enjoined application of the 70/30% policy and ordered that, if defendants wished to utilize that system in the nomination and appointment process, they must follow the procedures required by 5 U.S.C. § 553. It should not have entered a mandatory injunction requiring a rule making. However, as that is not what the court elected to do, the court at least impliedly concluded that the regulations were required to contain some provision to meet FACA's representational balance requirements. Defendants acted in compliance with the court's injunction, and promptly initiated and completed the rule making ordered by the court.[5]/

Given the court's January 2004 decision, intervenors would now have the court effectively reinstate a regulation the court may have implicitly found to be defective. This reinstatement would be

---

[5]/   The annual appointment's process had just been completed when the court entered its 2004 order. The agency concluded it could comply with the court's injunctions without disrupting that process and operations of the councils. Therefore, defendants had no need to address the technical problems with the prior injunctions. The timing of the court's current order, however, presents serious implementation problems. *See* Declaration of Peter Probasco attached as Exhibit 1 to Defendants' Motion to Amend Judgment - Federal Rule of Civil Procedure 59 (Docket Entry No. 277) filed June 28, 2006.

in lieu of allowing the continued application of the October 14, 2004 final rule even though the court acknowledges that this rule does not violate substantive law. Order (Docket Entry No. 269) at 23-24, 28-29. Given that the October 2004 final rule is not contrary to law, even if the court does not change its substantive ruling, it would be better to leave that rule in place than to require implementation of a rule that the court may have implicitly found to be defective. That is especially so in this case where the plaintiffs have challenged defendants' implementation of the prior rule.

For the reasons stated above and in Defendants Motion for Reconsideration of Order filed June 12, 2006 (Docket Entry No. 269), the court should reconsider its ruling in part 3b of the Order of June 12, 2006, and find the challenged rule making to be valid.

DATED this 10th day of July 2006.

/s/ Dean K. Dusnmore
DEAN K. DUNSMORE
DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone:(907)271-5452
Facsimile: (907)271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for Defendants

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 10th day of July 2006 a copy of the foregoing **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER FILED JUNE 12, 2006 (DOCKET ENTRY No. 269)** was served electronically on:

Brent R. Cole
Anna M. Seidman
Heather Kendall-Miller
Carol H. Daniel


/s/ Dean K. Dunsmore
DEAN K. DUNSMORE