Brent R. Cole, Esq.
MARSTON & COLE, P.C.
745 West Fourth Avenue, Suite 502
Anchorage, AK  99501
907-277-8001

Anna M. Seidman, Esq.
SAFARI CLUB INTERNATIONAL
501 2nd Street, N.E.
Washington, D.C.  20002
202-543-8733
aseidman@sci-dc.org

Attorneys for the Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL, et al.    ) | |
| ) | |
| Plaintiffs,    ) | |
| ) | |
| v.    ) | |
| ) | |
| MITCH DEMIENTIEFF, Chairman,    ) | Case No. A98-414 CV(HRH) |
| FEDERAL SUBSISTENCE BOARD, et al.    ) | |
| Defendants,    ) | |
| ) | |
| and    ) | |
| ) | |
| VENETIE et al.    ) | |
| ) | |
| Defendant-Intervenors.    ) | |

**Plaintiffs' Partial Opposition to Defendants' Motion to Amend Judgment –
Federal Rule of Civil Procedure 59**

Plaintiffs' Partial Opp to Defendants' Motion to Amend Judgment
Safari Club International et. al. v. Demientieff et. al., Case No. A98-414 CV (HRH)
Page 1 of 8

Plaintiffs, Safari Club International et al., hereby file this Partial Opposition to Defendants' Motion to Amend Judgment - Federal Rule of Civil Procedure 59 (Docket Entry No. 278) ("Rule 59 Motion").  On June 28, 2006, Defendants filed their Rule 59 Motion in response to this Court's Entry of Judgment dated June 20, 2006 (Docket Entry No. 273).  Plaintiffs agree with and support Defendant's Rule 59 Motion and the points and authorities upon which Defendants rely for the motion,[1] in all respects save one.  Plaintiffs oppose Defendants' request that this Court dismiss Plaintiffs' claims and Plaintiffs deny that Plaintiffs' Claim 3, pertaining to the Defendants' compliance with the Federal Advisory Committee Act, 5 U.S.C. App.2 ("FACA"), is or was ever moot.

## Background Facts and Proceedings

Plaintiffs initiated this litigation in December of 1998.  The suit challenged illegalities in the Federal Subsistence Board's ("FSB") compliance with the Alaska National Interests Land Conservation Act, 16 U.S.C. §§ 3101 *et seq.* ("ANILCA"); FACA; and the Administrative Procedures Act, 5 U.S.C. §§ 701 *et seq.* ("APA").  The litigation challenged, in part, that the FSB violated FACA by failing to fairly balance the memberships of the Regional Advisory Councils ("RACs") by failing to include in these memberships and/or by purposely excluding representation of the interests of the recreational hunting community.  On February 18, 2003, prompted by Plaintiffs' litigation, Defendants voluntarily adopted a rule that established a procedure for balancing the memberships of the RACs.  The Native Village of Venetie et al. ("Venetie") requested and was permitted to intervene in the suit in

---

[1] Plaintiffs incorporate, by reference, the arguments Plaintiffs have previously presented in Plaintiffs' Motion for Reconsideration (Docket Entry No. 271) and in Plaintiffs' Response in Support of Defendants' Motion for Reconsideration (Docket Entry No. 279).

Plaintiffs' Partial Opp to Defendants' Motion to Amend Judgment
Safari Club International et. al. v. Demientieff et. al., Case No. A98-414 CV (HRH)
Page 2 of 8

order to challenge, among other matters, the rulemaking procedure by which Defendants adopted their RAC membership rule.

On January 16, 2004, this Court entered an Order on each of the parties' Motions for Summary Judgment. (Docket Entry No. 208). In that Order, the Court agreed with Plaintiffs that "a council comprised of only subsistence users is not fairly balanced." (January 16, 2004 Order, p. 57) and that "sport and commercial users of fish and wildlife have legitimate 'points of view' which must be considered in formulating a regulation fixing membership qualifications for regional advisory boards." (January 16, 2004 Order, p.58). This Court agreed with Venetie that Defendants had not complied with APA rulemaking procedures when adopting the RAC membership rule. Consequently, the Court remanded the matter to Defendants, directed them to "promptly undertake the initiation of appropriate rule-making proceedings for purposes of reconsidering membership qualifications (quotas) for regional advisory councils" and to "promptly undertake the adoption and implementation of appropriate regional advisory council membership regulations consistent with FACA after compliance with 5 U.S.C. Section 553." (January 16, 2004 Order, p. 65).

This Court issued no conclusive ruling on Plaintiffs' FACA claim. Instead, the Court commented that a membership balancing rule, such as the one adopted on February 18, 2003 by Defendants, "would most surely moot the contentions of the Plaintiffs." (January 16, 2004 Order, p. 62). The Court did not rule Plaintiffs' claim moot because until such time as Defendants formally and properly adopted a rule that complied with the requirements of ANILCA and FACA, "plainly defendants could take action which would breathe new life into plaintiffs' Claim Three." (January 16, 2004 Order, p. 62).

Plaintiffs' Partial Opp to Defendants' Motion to Amend Judgment
Safari Club International et. al. v. Demientieff et. al., Case No. A98-414 CV (HRH)
Page 3 of 8

Defendants conducted their Court-ordered rulemaking and issued a new Final Rule on October 14, 2004. That rule was, in most respects, the same as the rule originally adopted by Defendants on February 18, 2003. Venetie challenged the new Final Rule. Plaintiffs supported the new Final Rule and subsequently the matter was briefed. On June 12, 2006, this Court issued a Final Order, voiding the new Final Rule, remanding the matter a second time, and once again directing Defendants to initiate new rulemaking procedures. The Court enjoined Defendants from implementing the Final Rule. Ostensibly, the Court's June 12, 2006 Order returned the RAC selection mechanisms to their status prior to February 18, 2003, at which time the mechanisms included no provision to balance RAC memberships among directly affected interest groups and no provisions for ensuring the requisite representation of sports and commercial interests.

On June 16, 2006, Defendants filed a Motion for Reconsideration, pursuant to Alaska Local Rule 59.1. (Docket Entry No. 270). On June 19, 2006, this Court entered an Order directing that Defendants' Motion be treated as a Fed. R. Civ. P. 60(b) Motion and granting Plaintiffs and Intervenors leave to file responses to Defendant's Motion. (Docket Entry No. 272) Pursuant to this Order, Plaintiffs filed their Response on June 30, 2006 and Venetie filed their Response on July 3, 2006. (Docket Entry Nos. 279, 280). On June 28, 2006, Defendants filed a new Motion for Reconsideration pursuant to Fed. R. Civ. P. 59. (Docket Entry No. 277). On July 7, 2006, this Court denied Defendants' Rule 60(b) Motion. (Docket Entry No. 282).

On June 19, 2006, Plaintiffs filed their own Motion for Reconsideration pursuant to Alaska Local Rule 59.1. (Docket Entry No. 271) On July 7, 2006, this Court issued an order granting leave to Defendants and to Venetie to file responses to Plaintiffs' Motion.

Plaintiffs' Partial Opp to Defendants' Motion to Amend Judgment
Safari Club International et. al. v. Demientieff et. al., Case No. A98-414 CV (HRH)
Page 4 of 8

**Argument**

At the present time, as a result of this Court's Final Rule dated June 12, 2006, no rule, regulation or mechanism in place ensures Defendants' compliance with FACA. Plaintiffs' original contention that the RAC memberships are not "fairly balanced" and that they exclude the required representation of recreational hunting interests is quite live and Plaintiffs continue to be harmed by each and every subsistence determination that the FSB makes as a result of the FSB's deference to the recommendations of the unbalanced RACs. Plaintiffs continue to possess a strong and enduring interest in making certain that the Defendants adopt a mechanism for selection of RAC members that complies with FACA and that provides the appropriate representation for nonsubsistence interests. Plaintiffs' FACA claim cannot be moot. Mootness cannot exist where the issues in a case remain live and where the parties continue to have a legally cognizable interest in the outcome throughout the proceedings. *City of Erie v. Pap's A.M.* 529 U.S. 277, 287, 120 S.Ct. 1382 (2000).

Until Defendants adopt a formal rule to codify a process by which RAC membership selection complies with FACA and provides the requisite representation of recreational hunting interests, anything that Defendants do to balance the RACs amounts to nothing more than a "voluntary cessation" of the illegal practices challenged by Plaintiffs. "[A] defendants' voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Jacobus v. Alaska*, 338 F.3d 1095, 1103 (9th Cir. 2003) quoting *Carreras v. City of Anaheim*, 768 F.2d 1039, 1047 (9th Cir. 1985).

On January 16, 2004, this Court would not moot Plaintiffs' claim when the Court first remanded the matter to Defendants to initiate rulemaking. At that time, this Court recognized the possibility that Defendants could take action that would "breathe new life"

Plaintiffs' Partial Opp to Defendants' Motion to Amend Judgment
Safari Club International et. al. v. Demientieff et. al., Case No. A98-414 CV (HRH)
Page 5 of 8

into Plaintiffs' claims.    In effect, Defendants may have done exactly what this Court predicted.    By adopting a Final Rule that required a second remand, Defendants have prompted the Court to reinstate a situation where there is no mechanism by which recreational hunters can be assured representation on the RACs.    Consequently, Defendants appear to have prompted the Court to return FSB decisionmaking to the scenario where Plaintiffs' interests are being harmed each time an RAC with an unfair membership balance makes a subsistence priority recommendation to which the FSB defers.

The burden of establishing mootness is a heavy one.    *Northwest Environmental Defense Center v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988).    Defendants cannot meet this burden because Plaintiffs continue to be injured by the existence of unfairly balanced councils and the absence of any mechanism to ensure the representation of the recreational hunting community on these councils.    In truth, no matter what type of rule Defendants eventually adopt to balance the membership of the RACs, Plaintiffs' claim will not be rendered moot.    A case is not moot if the Court can grant the claimants *any* effective relief to remedy their injuries, regardless of whether that was the relief originally requested by the claimants.    *Id*.

In this case, Plaintiffs are and continue to be injured by the subsistence priority decisions that the FSB has made for years in deference to the recommendations of unfairly balanced RACs.    Although this Court, in its January 16, 2004 Order, made the decision not to enjoin the FSB's prospective decisionmaking process during the period of time necessary for Defendants to complete new rulemaking proceedings, the Court still possesses the ability to remedy some of Plaintiffs' injuries.    In that Order dated January 16, 2004, the Court sought to avoid a remedy that would cause unnecessary interference with "defendants' ongoing

Plaintiffs' Partial Opp to Defendants' Motion to Amend Judgment
Safari Club International et. al. v. Demientieff et. al., Case No. A98-414 CV (HRH)
Page 6 of 8

management of fish and wildlife on federal lands." (January 16, 2004 Order, p. 63)    In addition to its authority to order new and proper rulemaking, the Court has the ability to provide other effective remedies without unduly interfering with the FSB's ongoing process. For example, the Court has the authority to order the FSB[2] to conduct a reasonably scheduled de novo review of all currently effective subsistence priority determinations made in deference to the recommendations provided by illegally imbalanced RACs.[3]

### Conclusion

Nothing in this Court's June 12, 2006 Final Order has caused Plaintiffs' FACA claim to become moot.  If anything, this Court's June 12, 2006 Order has demonstrated how much "life" still exists in Plaintiffs' FACA claim.  Currently, Plaintiffs are being injured by the absence of any mechanism that properly and legally balances the memberships of the RACs. Plaintiffs continue to be injured by each and every subsistence priority determination that the FSB has made and will continue to make that is based on the recommendations of unfairly balanced RACs.

WHEREFORE, Plaintiffs respectfully request that this Court grant Defendants' Motion for Reconsideration with the exception that the Court reject Defendants' request to moot the claims of Plaintiffs' Amended Complaint.

---

[2] The Court could direct the Board to do once the FSB has adopted a FACA compliant mechanism for balancing RACs, and once the RACs are properly balanced in accordance with FACA.

[3] Although regulations based on these subsistence priority determinations are issued on an annual basis, once the FSB makes a subsistence determination, generally that determination becomes the status quo and remains in effect until a proposal is submitted to the FSB to modify the determination. Consequently, if a Petition is filed, the burden falls on the individual or entity seeking to revoke or modify the subsistence priority.

Plaintiffs' Partial Opp to Defendants' Motion to Amend Judgment
Safari Club International et. al. v. Demientieff et. al., Case No. A98-414 CV (HRH)
Page 7 of 8

DATED this 17th day of July,  2006, at Anchorage, Alaska.

MARSTON & COLE, P.C.
Attorneys for Plaintiffs


By:__s/_____
Brent R. Cole, Esq.
745 West Fourth Ave., Suite 502
Anchorage, AK 99501
(907) 277-8001
(907) 277-8002
cole@pobox.alaska.net

AK Bar No. 8606074

Plaintiffs' Partial Opp to Defendants' Motion to Amend Judgment
Safari Club International et. al. v. Demientieff et. al., Case No. A98-414 CV (HRH)
Page 8 of 8