Heather Kendall Miller
NATIVE AMERICAN RIGHTS FUND
420 "L" Street, Suite 505
Anchorage, Alaska 99501-3657
Tel: (907) 276-0680
Fax: (907) 276-2466
Email: kendall@narf.org

Attorneys for Defendant-Intervenors

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL, *et al.* ) | |
| ) | No. A98-0414-CV (HRH) |
| Plaintiffs, ) | Filed Electronically |
| ) | |
| v. ) | |
| ) | |
| MITCH DEMIENTIEFF, Chairman, ) | |
| Federal Subsistence Board, *et al.*, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| NATIVE VILLAGE OF VENETIE TRIBAL ) | |
| GOVERNMENT, *et al.* ) | |
| ) | |
| Defendant-Intervenors. ) | |
| _____) | |

INTERVENORS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION, CLARIFICATION, AND/OR AMENDMENT OF ORDER FILED JUNE 12, 2006 (DOCKET ENTRY NO. 269)

Federal Defendants originally moved the Court to reconsider Part 3b of the Court's <u>Order Motion for Summary Judgment</u> (Dkt. No. 269) filed June 12, 2006.  Dkt. No. 270, at 25-27.

Plaintiffs then joined Defendants while separately moving for reconsideration.  Dkt. No. 271.  On

July 7, 2006, this Court issued a Minute Order (Dkt. No. 283) inviting Defendants and Intervenors to respond to Plaintiffs' motion.

In addition to concurring with Defendants' arguments,[1] Plaintiffs argue that reconsideration is warranted because the Order contains mistakes of fact, giving rise to errors of law. Pls. Mot. at 1. As we demonstrate below, none of this is correct.

Plaintiffs first allege, as a "mistake of fact," the Court's supposed failure to consider evidence that the Stevens Amendment provided the necessary justification for the Federal Defendants' decision to select a 70/30 membership rule over other alternatives. Id. at 2.[2] This Court specifically addressed the Stevens Amendments in the context of considering Intervenors' claim that the Amendments were improperly considered by the agency. Order at 27. The Court rejected Intervenors' argument, finding no reference to the Stevens Amendment in the administrative record when the agency set forth its rationale. Id. Since the Stevens Amendments were not part of this record, and since in all events the Court rejected Intervenors' argument regarding those amendments, there is both no foul and no harm – no factual error and no harm to Plaintiffs.

Plaintiffs next allege, as a mistake of fact, that the agency in fact fulfilled any obligation it had to consider alternatives to the 70/30 rule by addressing comments received on the 70/30

---

[1] Defendants moved for reconsideration on the ground that this Court misinterpreted the applicable law governing actions brought under the Administrative Procedures Act (APA, 5 U.S.C. § 553. Defs. Mot. at 1 (Dkt. No. 270)). At the Court's invitation Intervenors responded to those arguments on July 3, 2006 (Dkt. No. 280) and will not repeat those arguments here.

[2] As support, Plaintiffs cite to a letter that was part of the certified record in Safari Club I (Admin. Rec. for 2005 Final Rule, Vol. 5, at 4987-89). Pl. Mot. at 2, n.3. But that letter was not part of the certified record on Venetie's cross-claim, and as this Court noted, "Defendants expressly state that the administrative record for the original 70/30 policy that was previously filed 'is not part of the administrative record for the Final Rule now at issue.'" Order at 16.

rule. Pls. Mot. at 2-4. Notably, however, Plaintiffs point to only one other alternative that was presumably considered by the agency, and offered by the Eastern Interior RAC. The point is spurious as Intervenors demonstrated in their prior briefing, the agency revised its regulation and RAC charters to comport with the 70/30 membership structure before even seeking comment on the proposed rule.[3] The agency had thus already improperly narrowed the scope of available options to be considered prior to receiving comments. Thus on this point, too, Plaintiffs have failed to establish that this Court committed clear error when it concluded that Defendants failed to consider meaningful alternatives to achieving a fair balance of views on the RACs.[4]

Plaintiffs' third attack on the Court's Order is a demand for a more narrow remand, for the narrow purpose of allowing the Defendants to explain *post hoc* the rationale underlying the selection of the 70/30 rule over other alternatives. This assumes, of course, that Defendants did in fact consider other alternatives – a fact at odds with the record. In truth, and as this Court has now held, nothing in the administrative record shows that Defendants even considered significant alternatives to achieving a fair balance of views on the RACs. Consequently, a limited remand

---

[3] Mem. in Support of Intvrs. Am. Cross-Claim for Summ. J. at 9 (Dkt. No. 258) (citing 50 C.F.R. § 100.11 and statement of staff member Rivard, Vol. 2, Tab 11, p. 1430 of Admin. Record).

[4] Even had Defendants seriously considered the Eastern RAC's alternative:

> [T]he agency's consideration of some alternatives does not free it from considering other obvious alternatives. A contrary holding would provide agencies an easy means to circumvent this aspect of reasoned decision making, since they could . . . avoid considering obvious and potentially viable alternatives simply by showing that they considered any alternatives at all.

Int'l Ladies' Garment Workers' Union v. Donovan, 722 F.2d 795, 816 (D.C. Cir. 1983).

as Plaintiffs suggest, would do nothing more than allow Defendants to develop a *post hoc* rationale for adopting the 70/30 membership rule through a rule-making process that violated the APA. As noted elsewhere, meaningful application of the APA requires much more. See Dkt. No. 280, at 3.

Lastly, Plaintiffs argue that reconsideration is warranted to prevent an unjust remedy. But an assertion that a different remedy should apply is not grounds for altering or amending a judgment under either Rules 59(e) or 60(b)(6), and Plaintiffs' lament is thus "simply too little, too late." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). The parties had ample opportunity to litigate the appropriate remedy in the event Intervenors succeeded on their APA claim prior to the entry of judgment. See, e.g., Demasse v. ITT Corp., 915 F. Supp. 1040 (D.C. Ariz. 1995) (denying motion to alter or amend when the motion constituted nothing more than an attempt to relitigate issues previously considered and where movant offered no reasons for failing to place arguments before the court when it considered cross-motions for summary judgment) (overruled on other grounds). That Plaintiffs and Defendants could have addressed the issue of remedies but, for strategic reasons chose not to, does not make their election a proper subject of a motion for reconsideration.

This Court has twice held that the 70/30 rule is void for failure to comply with the requirements of the APA. See Order of Jan. 16, 2006, at 62 (Dkt. No. 208) ("implementation of the 70/30 'rule' must cease. Intervenors are entitled to an injunction precluding implementation of the 70/30 'rule' unless and until the formalities of 5 U.S.C. § 553 are observed."). That the agency is now enjoined now from implementing the 70/30 rule is a problem of its own making. Irrespective of whether a single-interest membership rule may some

day be found to be consistent with ANILCA and FACA, upon full and good faith compliance with the APA,[5] until Defendants undertake the proper rule-making procedures the ultimate outcome cannot be preordained. In the meantime, the 70/30 rule remains as of today a violation of law that cannot be implemented.

Rules 59(e) and 60(b)(6) are intended to afford relief only in extraordinary circumstances. Neither gives litigants a second bite at the apple. 389 Orange St., 179 F.3d at 664-65. Plaintiffs have failed to establish that extraordinary circumstances exist here warranting modifying this Court's Order of June 12, 2006. Plaintiffs' Motion for Reconsideration should therefore be denied.

Respectfully submitted this 17th day of July, 2006.

> s/ Heather Kendall Miller
> Heather R. Kendall-Miller (AK Bar # 9211084)
> NATIVE AMERICAN RIGHTS FUND
> 420 L Street, Suite 505
> Anchorage, Alaska 99501
> Tel:  (907) 276-0680
> Fax: (907) 276-2466
> Email: kendall@narf.org
> Attorney for Defendant-Intervenors

---

[5] Plaintiffs incorrectly claim that the original regulations governing the RAC member selection process was contrary to the FACA. But Federal Defendants have never made that argument, and this Court has only held that "sport and commercial users of fish and wildlife have legitimate 'points of view' which must be considered in formulating a regulation fixing membership qualifications for regional advisory boards." Order (Dkt. No. 208 at 58). In fact, RAC members appointed under the original regulation had diverse sport and commercial experience. Throughout this litigation the issue has been not whether the original regulation was illegal, but whether the new 70/30 regulation was illegal. Indeed, this Court's remand about a "single-interest members" scheme suggests that the original regulation's system of appointing subsistence users with sports and commercial experience was legal. Order at 17 ("while Congress did not mandate single-interest members of regional advisory councils, it did not exclude such an approach"). See also Order at 21 (agreeing that "FACA has no such system of single-interest representation").

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 17, 2006, a copy of foregoing INTERVENORS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION , CLARIFICATION, AND/OR AMENDMENT OF ORDER FILED JUNE 12, 2006 (DOCKET ENTRY NO. 269) was served electronically on:

Dean K. Dunsmore
Brent R. Cole
Anna M. Seidman
Carol H. Daniel

an by U.S. Mail on:

>   Richard M. Parsons
>   Safari Club International
>   501 2nd Street NE
>   Washington, DC 20002

s/ Heather Kendall Miller