Heather Kendall Miller
NATIVE AMERICAN RIGHTS FUND
420 "L" Street, Suite 505
Anchorage, Alaska 99501-3657
Tel: (907) 276-0680
Fax: (907) 276-2466
Email: kendall@narf.org

Attorney for Intervenors

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| SAFARI CLUB INTERNATIONAL, *et al.* | ) | |
| | ) | No. A98-0414-CV (HRH) |
| Plaintiffs, | ) | Filed Electronically |
| | ) | |
| v. | ) | |
| | ) | |
| MITCH DEMIENTIEFF, Chairman, | ) | |
| Federal Subsistence Board, *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NATIVE VILLAGE OF VENETIE TRIBAL | ) | |
| GOVERNMENT, *et al.* | ) | |
| | ) | |
| Defendant-Intervenors. | ) | |
| _____ | ) | |

### INTERVENORS' OPPOSITION TO DEFENDANTS' "MOTION TO AMEND JUDGMENT – FEDERAL RULE OF CIVIL PROCEDURE 59"

**INTRODUCTION**

This Court's June 12, 2006 Order overturned Defendants' 70/30 rule because the agencies

failed to consider any significant alternatives to a quota system, Order at 25-27 (citing Mt. Diablo

Hospital v. Shalala, 3 F.3d 1226 (9th Cir. 1993) (Dkt. No. 269), a failure the Court found particularly

troubling "[g]iven the history of the regional advisory council make-up, and the long history of antagonism between competing groups." Id. at 26. Because of this ruling, the Court did not pass upon Intervenors' further contention that the challenged rule also failed to include other users (both consumptive and non-consumptive) besides sports and commercial users. Id. at 29.

Without citing to any rule, four days later the Federal Defendants on June 16 sought "reconsideration," arguing the Court had erred in its application of Ninth Circuit precedent. Dkt. No. 270.

Seven days after the Court's Order – but likewise not citing to any rule – Plaintiffs on June 19 simultaneously joined in Defendants' motion and filed their own motion for "reconsideration, clarification and/or amendment." Dkt. No. 271. (Pursuant to this Court's July 7, 2006 Minute Order (Dkt. No. 283), Intervenors are separately responding to Plaintiffs' motion).

On the same day (and doubtless unaware of the Plaintiffs' filing), this Court directed Plaintiffs and Intervenors to respond to Defendants' unspecified June 16 motion "as a Rule 60(b) motion." Order from Chambers (Dkt. No. 272). The following day (June 20) the Court entered its Judgment in a Civil Case (Dkt. No. 273).

There then followed a second-round frenzy of pleadings by Defendants and Plaintiffs.

First, Defendants sought reconsideration under Local Rule 59.1 of the Court's decision to treat Defendants' unspecified June 16, 2006 motion as one arising under Fed. R. Civ. P. 60(b), instead of Fed. R. Civ. P. 59. Dkt. Nos. 274 & 275. ("Corrected" version) (On July 7, 2006 the Court denied this motion. Dkt. No. 282.)[1]

---

[1] This Court correctly classified Defendants' original June 16 Motion as arising under Rule 60(b). Unlike Rule 59(e), which by its terms is limited to motions "to alter or amend a judgment," Rule 60(b) is more broadly directed to motions for relief from "a final judgment,

-2-

Second, and without awaiting responsive briefing, much less the Court's resolution of this subsidiary motion, Defendants on June 28 piled on by filing a fresh 22-page <u>Motion to Amend Judgment</u>, this time expressly invoking Fed. R. Civ. P. 59(e). Dkt. No. 277. Unlike Defendants' two prior motions, this new Motion is nominally directed to the Court's June 19 <u>Judgment</u>, rather than the Court's June 12 <u>Order</u>, although Defendants' key argument in support of amending the <u>Judgment</u> remains Defendants' underlying objection to the original <u>Order</u>. See <u>Points and Auths. in Supp. of Defs. Mot. to Amend. Judg.</u> at 7-16 (Dkt. No. 278). (By this maneuver Defendants may have sought to bypass Local Rule 59.1's absolute prohibition on a reconsideration motion that is more than five pages long and filed more than "five (5) days after entry of the order" being contested.)

Third, and notwithstanding that the Plaintiffs have already once responded to the Defendants' June 16 Motion, <u>see</u> Dkt. No. 271, at 1 ("SCI concurs with the arguments presented by Defendants' Motion and provides the following additional points . . ."), Plaintiffs have liberally read this Court's June 19 <u>Order from Chambers</u> as an opportunity further to respond by filing a second joinder in

---

order or proceeding." Since Defendants' June 16 Motion did not challenge any judgment (indeed, it preceded the entry of the judgment), and only challenged the Court's June 12 <u>Order</u>, the Motion was properly viewed as arising under Rule 60(b). <u>Compare</u> <u>Stephenson v. Calpine Conifers II, Ltd.</u>, 652 F.2d 808, 811 (9th Cir. 1981) (overruled on other grounds), and <u>Washington Public Power Supply System Securities Litigation</u>, 823 F.2d 1349 (9th Cir. 1987) (Rule 59(e) motion directed to "judgment" entered upon orders granting summary judgments), <u>cited approvingly in</u> <u>Hoffman v. GMAC</u>, 814 F.2d 1385, 1387 (9th Cir. 1988) (same). In <u>Shapiro ex rel. Shapiro v. Paradise Valley Unified School Dist.</u>, 374 F.3d 857 (9th Cir. 2004), cited by Defendants (Dkt. No. 275, at 2 ("Corrected" motion)), the Ninth Circuit endorsed only the propriety of treating a prompt motion for reconsideration of a <u>judgment</u> – there, a "judgment for the Shapiros" – as a Rule 59(e) motion. <u>Id.</u> at 861. Nothing in <u>Shapiro</u> supports the proposition that Rule 59(e) motions are appropriate vehicles for challenging orders that are not judgments.

Defendants' Motion.  See Plfs. Resp. in Supp. of Defs. Rule 60(b) Mot. filed June 30, 2006 (Dkt. No. 279).[2]

The Court is thus today faced with:

(1) Defendants' fully briefed Rule 60(b) Motion (Dkt. No. 270);

(2) Plaintiffs' unspecified motion for reconsideration (Dkt. No. 271), being separately briefed; and

(3) Defendants' separate Rule 59(e) Motion nominally directed to this Court's June 20 Judgment but substantively directed to the Court's June 12 Order.  See Dkt. Nos. 277 & 278.

For the reasons that follow, the Defendants' Rule 59(e) Motion should be denied.

ARGUMENT

As a procedural matter, Defendants' Rule 59(e) Motion, filed June 28, 2006, should be denied because, notwithstanding its name, the Motion in fact seeks review of this Court's unappealable Order of June 12, 2006.  It is thus both untimely and overlength under Local Rule 59.1(b) & (c).

For the same reason – because the Motion is directed to the underlying June 12 Order – Rule 59(e) relief is not appropriate because that Rule only addresses motions "to alter or amend a judgment," not motions challenging other nonappealable orders.  See, e.g., United States v. Martin, 226 F.3d 1042, 1048 (9th Cir. 2000) ("Rule 59(e) applies only to motions to alter or amend  'a judgment.'  A 'judgment' is defined by Rule 54 of the Federal Rules of Civil Procedure as 'any order from which an appeal lies,' in other words a *final* order.") (italics in original) (citing Bankers Trust

---

[2]  See also id. at 2 n.1, stating that Plaintiffs intend to file yet another separate response to Defendants' Motion to Amend Judgment (Dkt. No. 277) filed June 28, 2006.

Co. v. Mallis, 435 U.S. 381, 384 n.2 (1978)); see also Balla v. Idaho State Bd. of Corrections, 869

F.2d 461, 466-67 (9th Cir. 1989) (holding that "judgment . . . encompasses final judgments and

appealable interlocutory orders" for purposes of motions for reconsideration). Certainly the Court's

June 12 Order is not a final judgment, and Defendants acknowledge in their Motion that the June 20

Judgment is likewise not final (Defs. Mot. at 6).[3] Thus Rule 59(e) Defendants' Motion for relief

under Rule 59(e) must fail.

Even were the situation otherwise, Defendants' Rule 59(e) Motion would fail, for a "motion

for reconsideration should not be granted, absent highly unusual circumstances, unless the district

court . . . committed clear error." Carroll v. Nakatani, 342 F.3d at 945 (quoting Kona Enter., Inc.

v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).[4] Defendants have not established that this

Court committed "clear error" in remanding to the agency with instructions to "engage in a

considered analysis of the relevant factors and to articulate their rationale for the choices they made

in adopting the final rule." Judgment at 1 (Dkt. No. 273). Nor have Defendants established that this

Court committed "clear error" in remanding to the agency with instructions to consider alternatives

to the 70/30 membership structure for the regional advisory councils. Rather, Defendants offer a

litany of arguments that either repeat those made in earlier pleadings or are made for the first time

---

[3] (It is hornbook law that a judgment remanding a matter to an agency is generally not an appealable final judgment. See, e.g., 15B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3914.32, at 237 (1992) ("The general rule is that a remand is not appealable as a final decision.")).

[4] There are four basic grounds upon which a Rule 59(e) motion may be granted: 1) to correct manifest errors of law or fact upon which the judgment is based; 2) newly discovered evidence or previously unavailable evidence; 3) manifest injustice; and 4) an intervening change in controlling law. McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (per curiam and en banc) (citing 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

on reconsideration. Neither is a basis for granting Rule 59(e) relief. <u>Novato Fire Protection Dist.</u>
<u>v. United States</u>, 181 F.3d 1135, 1142 n.6 (9th Cir. 1999) (district court did not abuse its discretion
when it declined to reopen the case to consider an argument made for the first time in a motion for
reconsideration); <u>see</u> <u>also</u>, <u>Publishers Resource, Inc. v. Walker-Davis Publications, Inc.</u>, 762 F.2d
557, 561 (7th Cir. 1985) ("a motion for reconsideration [should not] serve as the occasion to tender
new legal theories for the first time").

Defendants urge that the <u>Judgment</u> must be vacated because the Court failed to make "the
required 'express determination that there is no reason for delay.'" Defs. Mot. at 6-7 (citing Fed. R.
Civ. P. 54(b)). This is patently wrong. Courts routinely enter interlocutory, non-final, judgments,
and that is all the Court has done here. As Defendants' acknowledge, the <u>Judgment</u> entered here is
*<u>not</u>* final, and not appealable, but merely a judgment on a nonappealable order remanding this matter
to the agencies. (If Defendants wish to seek the Court's certification under Rule 54(b) in order to
pursue an appeal, that is an entirely separate matter). Thus, this Court has committed no clear error
under Rule 54(b).

Defendants also urge this Court to vacate its <u>Judgment</u> and instead enter judgment in favor
of Defendants. In support, Defendants claim that the Court's June 12 <u>Order</u> rejected most of
Intervenors' contentions. Not so. This Court specifically ruled in Intervenors' favor on Count III
of their Amended Complaint (asserting a violation of the APA). <u>Order</u> at 26-27. Defendants next
attack that holding by again repeating the mantra that this Court's <u>Order</u> improperly requires the
agency to independently develop and consider additional alternatives to the 70/30 RAC membership

structure. Defs. Mot. at 8.[5] As Intervenors have argued in responding to Defendants' Rule 60(b)

motion (Dkt. No. 280), disagreement with this Court's reading of <u>Mt. Diablo Hospital</u>, and other

APA case law does not constitute "clear error" under Rule 59(e). <u>See</u>, <u>e.g.</u>, <u>Hutchinson v. Stator</u>,

994 F.2d 1076 (4th Cir. 1993) (mere disagreement with how district court applied applicable law

under federal civil rights standard did not support motion to alter or amend judgment). There is thus

no basis for vacating the Court's judgment, much less entering a judgment in favor of Defendants,

when it is Intervenors who have prevailed.

    Defendants focus heavily on challenging this Court's <u>Order</u> and <u>Judgment</u> remanding with

instructions that the agencies engage in a genuine and considered analysis of the relevant factors,

including alternatives to the 70/30 membership rule. In so doing Defendants ignore that the agency's

current predicament is entirely of its own making. The current situation is the direct result of the

agencies having ignored this Court's first injunction restraining Defendants from implementing the

70/30 rule, and Defendants' decision to revise its regulation and the RAC charters to comport with

the 70/30 membership structure before even seeking comment on the proposed rule.[6] Defendants'

single-minded and result-oriented decision to narrow the scope of available options for RAC

membership before comment on the 70/30 rule was even solicited, alone created the dilemma

Defendants now face.

---

    [5] Even if Defendants' construction of the law concerning a court's remand to an agency to consider alternatives were correct, and it is not, the rule would still be void due to the agencies' failure to adequately "explain and/or justify the regulatory choices made by the Secretaries in adopting the 70/30 rule." <u>See</u> <u>Order</u> at 18.

    [6] <u>See</u> 50 C.F.R. § 100.11 and statement of staff member Rivard, Vol. 2, Tab 11, p. 1430 of Admin. Record.

Defendants now ask this Court to rubber-stamp its 70/30 rule-making, as if by a wink and a nod reasoned decision-making can be achieved.  But the APA demands much more, both from an agency and a reviewing court.  See Friends of Yosemite Valley v. Norton, 348 F.3d 789, 793 (9th Cir. 2003) ("'[C]ourts must carefully review the record to ensure that agency decisions are founded on a reasoned evaluation of the relevant factors, and may not rubber-stamp . . . administrative decisions. . .'") (quoting Pub. Citizen v. DOT, 316 F.3d 1002, 1020 (9th Cir. 2003)).  By refusing to rubber-stamp the agency's rule-making, and instead demanding "a clear understanding of why the membership rule was formulated by the Secretaries as it was," Order at 18, this Court acted responsibly under the APA and certainly committed no "clear error."  On this basis, too, Defendants' Rule 59(e) motion should be denied.

As an alternative, Defendants urge this Court to modify the injunction to permit the 70/30 RAC membership rule to remain in place while rule-making is re-commenced.  Defs. Mot. at 16. First, such relief is not appropriate under a Rule 59(e) motion, as Defendants had ample opportunity to address the appropriateness of injunctive relief prior to entry of summary judgment.  Second, this Court granted Intervenors injunctive relief not once, but twice.  The June 20 Judgment (Dkt. No. 273) granting declaratory and injunctive relief is in substance and form identical to this Court's January 21, 2004 Judgment (Dkt. No. 209), which already established the law of the case on this point.  Both judgments direct that "Defendants and all other[s] acting in concert with them are enjoined from and restrained from implementing the 70/30 'rule.'"  (Dkt. No 209, at 1; Compare Dkt. No 273, at 1, "Defendants and all others acting in concert with them are enjoined and restrained from further implementation of the 70/30 final rule . . .").  If Defendants believed that injunctive relief was improper, the agency could have requested interlocutory certification of the 2004

<u>Judgment</u> two years ago.  <u>See</u>, <u>e.g.</u>, 15B  CHARLES ALAN WRIGHT *ET AL.*, FEDERAL PRACTICE AND PROCEDURE § 3914.32 (1992) ( "Interlocutory review of a remand order is possible by certification for interlocutory appeal under 28 U.S.C.A. § 1292(b)"); <u>see also</u> <u>City of Santa Clara v. Andrus v. Pacific Gas & Elec. Co.</u>, 572 F.2d 660, 666 (9th Cir. 1978) (injunction requiring certain action by the Secretary on remand for APA violations found appealable under 28 U.S.C. § 1292(a)(1) assuming, but not deciding, that judgment was not final under § 1291).  But the agency chose not to appeal,[7] and Defendants had ample opportunity to address the appropriateness of injunctive relief in prior pleadings.  Without establishing that they presented any argument on injunctive relief to the court before entry of summary judgment, Defendants cannot establish "clear error" on the part of the Court for granting such relief to Intervenors.  <u>See</u> <u>389 Orange Street Partners v. Arnold</u>, 179 F.3d at 665 (movant required to establish that district court committed clear error in failing to address claims before summary judgment in order to present a viable Rule 59(e) motion).

The Court has declared the 70/30 rule to have been promulgated in violation of the APA. It is thus void and of no effect.  If, upon full compliance with the APA, the agency ends up re-adopting the rule – hardly a foregone conclusion given the hard look the APA requires the agency to undertake in good faith – then the rule will go into effect.  But until then, the law and regulatory regime in place prior to the illegal adoption of the 70/30 rule must remain in place, and the Court's injunction assumes that result, nothing more but nothing less.[8]

---

[7]  <u>See</u> <u>Order</u> of June 12, 2006, at 5, noting that "At its work session on January 27, 2004, in an executive session, the FSB decided not to appeal the court's decision and to proceed promptly with rule-making." (citing Admin. Rec., Vol. 1, Tab 2, at 77).

[8]  Defendants' discussion of "irreparable injury" is a non-sequitur.  This is not a time to weigh relative injuries in a preliminary injunction calculus, for Intervenors have prevailed.  Their "likelihood of success" is now proven to be 100%.  The harm now is in preventing an illegal

Defendants' request that it be permitted to continue the 70/30 rule until its conduct under the APA catches-up and retroactively repairs the rule's illegality, makes a mockery of the APA. It tells the Court that no matter what the process, no matter what the consideration, and no matter what the alternatives, the agency will ultimately adopt the same rule. Defendants' cavalier attitude toward genuine and dispassioned APA rule-making only underscores both the propriety and importance of the Court's injunction, for without this Court's supervision the APA will be but a dead letter.

Respectfully submitted this 17th day of July 2006.

<div style="margin-left:40%">

s/ Heather Kendall Miller
Heather R. Kendall-Miller (AK Bar # 9211084)
NATIVE AMERICAN RIGHTS FUND
420 L Street, Suite 505
Anchorage, Alaska 99501
Tel: (907) 276-0680
Fax: (907) 276-2466
Email: kendall@narf.org

Attorney for Defendant-Intervenors

</div>

<div style="text-align:center">

CERTIFICATE OF SERVICE

</div>

I HEREBY CERTIFY that on July 17, 2006, a copy of foregoing INTERVENORS' OPPOSITION TO DEFENDANTS' MOTION TO AMEND JUDGMENT was served electronically on:

Dean K. Dunsmore
Brent R. Cole
Anna M. Seidman
Carol H. Daniel

---

regulation to remain in full force and effect.

and by U.S. Mail on:

      Richard M. Parsons
      Safari Club International
      501 2nd Street NE
      Washington, DC 20002


s/ Heather Kendall Miller