DEAN K. DUNSMORE
DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Tel: (907)271-5452
Fax: (907)271-5827
Email: dean.dunsmore@usdoj.gov
Attorney for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL, ALASKA CHAPTER OF SAFARI CLUB INTERNATIONAL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MITCH DEMIENTIEFF, Chairman, FEDERAL SUBSISTENCE BOARD, et al.,<br><br>Defendants. | Case No. 3:98-cv-00414-HRH |

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR

CLARIFICATION, AND/OR AMENDMENT OF ORDER

ENTERED JUNE 12, 2006

Defendants Mitch Demientieff, Chairman, Federal Subsistence Board et al.[1]/ respond herein to plaintiffs' motion for reconsideration (Docket Entry No. 271). Plaintiffs seek reconsideration, modification and amendment of the Order Motion for Summary Judgment (Docket Entry No. 269). Defendants filed a motion for reconsideration (Docket Entry No. 270) of the same order and a motion to amend (Docket Entry No. 277) of the judgment entered pursuant to that order. Defendants, accordingly, join in the relief requested. For the reasons stated in defendants' motion for reconsideration (Docket Entry No. 270) and in the reply in support of that motion (Docket Entry No. 284), the court should vacate its determination that the final rule establishing the goal of achieving a 70/30% representational balance on the regional advisory councils promulgated on October 14, 2005, at 69 Federal Register 60957-962, is unlawful and grant summary judgment for the defendants.

A. **Rule 59 motion**. As plaintiffs' motion seeks reconsideration of an order granting a summary judgment, it is to be treated as a motion filed under Fed. R. Civ. P. 59. *Hoffman v. General Motors Acceptance Corp.*, 814 F.2d 1385, 1387 (9th Cir. 1987): "District courts should treat motions seeking reconsideration of dismissal or

---

[1]/ The court's record still lists the former Secretary of Agriculture Anne Veneman as a party in this action. The proper party is the current Secretary, Mike Johanns, who is automatically substituted by operation of Fed. R. Civ. 25(d).

summary judgment as Rule 59(e) motions, whether or not they cite the rule." *Accord Tripati v. Henman*, 845 F.2d 205, 206 n. 1 (9th Cir. 1988). The court's order of June 12, 2006 (Docket Entry No. 269) was not a judgment. Rather, at pages 29-30, it directed the clerk of court to enter the judgment specified by the court. Therefore, plaintiffs' motion for reconsideration would not be Rule 60 motion.

B. **Injunctive Relief**. If the court does not vacate its order of June 12, 2006 and enter a decision sustaining the 70/30% final rule, defendants agree that the court should not enjoin application of that 70/30% rule. Injunctive relief is equitable relief and is not to be mechanically entered for every violation of law. *Amoco Production C. V. Gambell*, 480 U.S. 531, 553-54(1987). Instead, courts are to balance the competing claims of injury, the effect on the parties, and the public interest in the granting or withholding of injunctive relief.[2]/ *Id*. at 553. The fundamental basis for any injunctive relief is irreparable injury and inadequacy of legal remedies. *Id*.

As already shown in the Points and Authorities in Support of Defendants' Motion to Amend Judgment - Federal Rule of Civil Procedure 59, at 17-20, (1) a balancing of the equities and the

---

[2]/ When the public interests will be affected, the courts must expressly consider on the record the public interest. *Northern Cheyenne Tribe v. Hodel*, 951 F.2d 1152, 1157 (9th Cir. 1988). The court in this instance failed to do that.

public interest in this case leads to the conclusion that enjoining defendants from utilizing the 70/30 final rule is inappropriate, (2) intervenors will suffer no irreparable injury if defendants are permitted to continue to rely on the 70/30% final rule, and (3) intervenors have a fully adequate remedy should their interests in the federal subsistence priority be improperly limited in any way.

The decision voiding the existing rule presents another problem. It may revive the previously existing regulation [the regulation last codified at 36 C.F.R. § 242.11(b) and 50 C.F.R. § 100.11(b) (2004)]. *Paulsen v. Daniels*, 413 F.3d 999, 1008 (9th Cir. 2005). There has been no finding by the court that this former regulation was defective. That regulation, however, contained no provisions for representational balance on the regional advisory councils. It merely restated the statutory requirement, 16 U.S.C. § 3115(a), that members of a council must be residents of the region, and added the requirement that members of a council must also be knowledgeable about the region and subsistence uses of the public lands therein.

During the course of proceedings on plaintiffs' action, the agency issued policy guidelines for maintaining the fairly balanced requirement on the regional advisory councils required by the Federal Advisory Committee Act (FACA) of October 1, 1972, Pub. L. No. 92-463, 86 Stat. 770. This was the 70/30% policy that was challenged by intervenors and was one of the subjects of Order

Motion for Summary Judgment (Docket Entry No. 208), filed January 16, 2004, at 52-64. In that order, the court held that the 70/30% policy was a substantive rule that could only be implemented following compliance with the public notice and opportunity to comment requirements of 5 U.S.C. § 553. Order (Docket Entry No. 208) at 58-62. The court, accordingly, enjoined implementation of this policy. *Id*. At 62-63. The court went further, however, and explicitly ordered defendants to commence and complete "the adoption and implementation of an appropriate regional advisory council membership regulation consistent with FACA after compliance with 5 U.S.C. § 553." Order (Docket Entry No. 208) at 65.

The Court had jurisdiction under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, to order defendants to promulgate a new regulation only if it had found some defect in the former regulation. Unless the prior regulation was defective, the court should have only enjoined application of the 70/30% policy and ordered that, if defendants wished to utilize that system in the nomination and appointment process, they must follow the procedures required by 5 U.S.C. § 553. It should not have entered a mandatory injunction requiring a rule making. However, as that is what the court elected to do, the court at least impliedly concluded that the regulations were required to contain some provision to meet

FACA's representational balance requirements.[3]/

Given the court's January 2004 decision, if defendants are prohibited from implementing the 70/30% final rule, that could reinstate a regulation the court may have implicitly found to be defective. This reinstatement would be in lieu of allowing the continued application of the October 14, 2004 final rule, which the court has acknowledged does not violate substantive law. Order (Docket Entry No. 269) at 23-24, 28-29. Given that the October 2004 final rule is not contrary to law, even if the court does not change its substantive ruling, it would be more equitable to leave that rule in place pending completion of a new rule making.

DATED this 19th day of July 2006.

> /s/ Dean K. Dusnmore
> DEAN K. DUNSMORE
> DEPARTMENT OF JUSTICE
> Environment & Natural Resources Division
> 801 B Street, Suite 504
> Anchorage, Alaska 99501-3657
> Telephone:(907)271-5452
> Facsimile: (907)271-5827
> Email: dean.dunsmore@usdoj.gov
>
> Attorney for Defendants

---

[3]/ The annual appointment's process had just been completed when the court entered its 2004 order. The agency concluded it could comply with the court's injunctions without disrupting that process and operations of the councils. Therefore, defendants had no need to address the technical problems with the prior injunctions. The timing of the court's current order, however, presents serious implementation problems. *See* Declaration of Peter Probasco attached as Exhibit 1 to Defendants' Motion to Amend Judgment - Federal Rule of Civil Procedure 59 (Docket Entry No. 277) filed June 28, 2006.

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 19th day of July 2006 a copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFFS' PLAINTIFFS' MOTION FOR CLARIFICATION, AND/OR AMENDMENT OF ORDER ENTERED JUNE 12, 2006** was served electronically on:

Brent R. Cole
Anna M. Seidman
Heather Kendall-Miller
Carol H. Daniel


/s/ Dean K. Dunsmore
DEAN K. DUNSMORE