DEAN K. DUNSMORE
DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Tel: (907)271-5452
Fax: (907)271-5827
Email: dean.dunsmore@usdoj.gov
Attorney for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL, ALASKA CHAPTER OF SAFARI CLUB INTERNATIONAL, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>MITCH DEMIENTIEFF, Chairman, FEDERAL SUBSISTENCE BOARD, et al.,<br><br>　　　　　Defendants. | Case No. 3:98-cv-00414-HRH<br><br>REPLY IN SUPPORT OF DEFENDANTS' MOTION TO AMEND JUDGMENT - FEDERAL RULE OF CIVIL PROCEDURE 59 |

On June 28, 2006, defendants moved (Docket Entry No. 277) to amend the Judgment in a Civil Case (Docket Entry No. 273). Intervenors have responded in opposition to this motion. Intervenors' Opposition to Defendants' "Motion to Amend Judgment-Federal Rule of Civil Procedure 59" (Docket Entry No. 291) filed July 17, 2006. Plaintiffs have filed a partial opposition to defendants' motion. Plaintiffs' Partial Opposition to Defendants' Motion to Amend Judgment-Federal Rule of Civil Procedure 59 (Docket

Entry No. 289) filed July 17, 2006, hereinafter referred to as "Plfs' Resp." Defendants reply herein to both responses.

Plaintiffs have, with one exception, accurately summarized the various orders and motions filed in this case since the entry of the Order Motion for Summary Judgment (Docket 269) filed on June 12, 2006. Plfs' Resp at 4-8. Plfs' Resp could not show the subsequently filed Defendants' Response to Plaintiffs' Motion for Clarification, and/or Amendment of Order Entered June 12, 2006 (Docket Entry No. 294) filed July 19, 2006.

I. **Intervenor's Opposition**. Intervenors contend that defendants' motion is really an untimely motion that could only be filed under D. Ak. LR. 59.1, and not under Fed. R. Civ. 59. This is incorrect. Local Rule 59.1 "does not apply to **final judgments** and **appealable orders** governed by Rule 59, Federal Rules of Civil Procedure." (Emphasis added) The court's Judgment in a Civil Case (Docket Entry No. 273) is clearly in the form of final judgment. A motion filed pursuant to Fed. R. Civ. P. 59 may clearly be filed to that judgment.

Further, even if the Judgment in a Civil Case (Docket Entry No. 273) were not deemed to be a judgment, it enters injunctions against the defendants. As such it is an appealable order pursuant to 28 U.S.C. § 1292(a)(1). As an appealable order, it is also not subject to D. Ak. LR 59.1.

Since D. Ak. LR 59.1 is not applicable to defendants' motion (Docket Entry No. 277), the five page limit of that rule is not applicable. Further, the filing of this reply brief is also permitted by D. Ak. LR. 7.1(b).

Intervenors seem to be contending that, because defendants filed motions for reconsideration of the court's Order Motion for Summary Judgment (Docket 269), defendants are now precluded from filing any motion directed to the Judgment in a Civil Case (Docket Entry No. 273). The Judgment in a Civil Case (Docket Entry No. 273) is clearly a separate and distinct action of the court.[1]/ Intervenors do not reference to any authority to support their novel contention that defendants' prior motions preclude the filing of their motion to amend the judgment. If defendants had not filed their motion to amend that judgment, intervenors would certainly be among the first to contend that the judgment is final and unaffected by the prior, pending motions.

Intervenors' true objections appear to be to the portions of defendants' arguments directed to the injunctions entered in the Judgment in a Civil Case (Docket Entry No. 273). Those objections

---

[1]/   It certainly would have been easier and cleaner if after the filing of by both defendants and plaintiffs of motions for reconsideration of the Order Motion for Summary Judgment (Docket Entry No. 269), the Judgment in a Civil Case (Docket Entry No. 273) had not been entered. However, as that Judgment contains a redacted, not an actual signature, it appears that the clerk of office merely acted in compliance with the court's Order at 29-30 that it enter judgment.

Safari Club Int'l et al. v. Demientieff, et al.,
Case No. 3:98-cv-00414-HRH
REPLY DEFS' MOTION FOR RECONSIDERATION     -3-

are clearly timely. The injunctions were entered for the first time in the Judgment. The Order Motion for Summary Judgment (Docket Entry No. 269) did not actually enter any injunctions, but only ordered that the clerk of court enter a judgment that was to contain the injunctions.

Intervenors are also incorrect when they imply that the problems that are created as a result of the injunctions are the result of defendants' failure to comply with the court's prior injunction. The court previously only enjoined defendants from implementing the 70/30% representational policy that had not been adopted in accordance with the procedural requirements of 5 U.S.C. § 553. Judgment in a Civil Case (Docket Entry No. 209). Defendants were not enjoined from applying a 70/30% representational balance if they adopted that representational standard following public notice and comment.[2]/ Once the final rule doing just that was promulgated on October 14, 2004, at 69 Federal Register 60957-962, defendants were no longer subject to any injunction.

II. **Plaintiffs' Response**. Plaintiffs agree that the Judgment in a Civil Case (Docket Entry No. 209) should be amended and judgment entered for defendants on intervenors' claims and that no

---

[2]/   Contrary to intervenors contentions, defendants are not seeking reconsideration of any of the court's rulings prior to June 12, 2006. Defendants did point out some technical problems with those rulings by way of background to the present situation, and in the hope that by noting those prior problems the court will not repeat them.

injunctions should be entered. Plaintiffs' only objection is to the dismissal of their Claim 3 as moot. Plfs' Resp at 2. This alleged lack of mootness would, however, arise only if the court does not reconsider, modify and/or amend its Order Motion for Summary Judgment (Docket Entry No. 269) and Judgment in a Civil Case (Docket Entry No. 209).

If the 70/30% representational final rule is valid, plaintiffs agree that they do not seek any further relief in this court. Plfs' Resp at 3-4. They contend that until defendants adopt a new rule that balances representation on the regional advisory councils, their action remains alive. Plfs' Resp. at 5-6. If the court grants the relief sought by defendants and grants judgment to defendants on intervenors' claims, then plaintiffs' action is moot.

Plaintiffs' response does, however, serve to further highlight the problem with the court's injunctions. Those injunctions place the defendants in an awkward position. The injunctions as now written would preclude defendants from implementing a policy that the court has acknowledged is not contrary to law. On the other hand, the injunctions may place defendants in a position of having to administer a regulation that the court may have implicitly found to be invalid. *See* Defendants' Response to Plaintiffs' Motion for Clarification, and/or Amendment of Order Entered June 12, 2006, Docket Entry No. 294) filed July 19, 2006, at 3-5.

CONCLUSION

For the foregoing reasons and for the reasons stated in the Points and Authorities in Support of Defendants' Motion to Amend Judgment - Federal Rule of Civil Procedure 59 (Docket Entry No. 278) the court should amend and vacate the Judgment in a Civil Case (Docket Entry No. 273) filed June 20, 2006.

DATED this 24th day of July 2006.

/s/ Dean K. Dunsmore
DEAN K. DUNSMORE
DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone:(907)271-5452
Facsimile: (907)271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of July, 2006, a copy of the foregoing **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO AMEND JUDGMENT - FEDERAL RULE OF CIVIL PROCEDURE 59** was served electronically on:

Brent R. Cole
Anna M. Seidman
Heather Kendall-Miller
Carol H. Daniel


/s/ Dean K. Dunsmore
DEAN K. DUNSMORE