IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


SAFARI CLUB INTERNATIONAL, et al.,  )
                                           )
                    Plaintiffs,  )
                                           )
     vs.                           )
                                         )
MITCH DEMIENTIEFF, Chairman, Fed-  )
eral Subsistence Board, et al.,    )
                                       )
                   Defendants,  )
                                       )
     and                           )
                                       )
NATIVE VILLAGE OF VENETIE TRIBAL  )
GOVERNMENT, et al.,            )
                                       )  No. 3:98cv0414-HRH
         Defendant-Intervenors.  )
_____)


O R D E R

Post-Judgment Motions

     By order of June 12, 2006,[1] the court ruled on intervenors'
motion for summary judgment on their amended cross-claim.  A
partial judgment based upon the foregoing order was entered
June 20, 2006.[2]  The foregoing have generated the following post-
judgment motions:[3]

_____

    [1]Clerk's Docket No. 269.

    [2]Clerk's Docket No. 273.

    [3]Two of the pending motions were filed before judgment was
entered on June 20, 2006.  For ease of reference, however, the
motions are all referred to as "post-judgment" motions.

(1)  Defendants' Motion for Reconsideration.[4]

(2)  Intervenors' Motion to Strike Defendants' Reply [to the foregoing Motion for Reconsideration].[5]

(3)  Plaintiffs' Motion for Reconsideration.[6]

(4)  Defendants' Motion to Amend Judgment.[7]

All of the motions are opposed by someone.  Oral argument has been requested.  However, because of the fact that we have two motions for reconsideration of the same order and a directly related motion to amend judgment, all of the parties have had very ample opportunity to give voice to the whole of their concerns about the court's order and judgment.  The court doubts there is anything new to add.  The court deems oral argument unnecessary.

<u>Motion to Strike</u>

Intervenors move to strike a reply brief filed by defendants in connection with defendants' motion for reconsideration.  The motion to strike is denied.

The court expressly invited plaintiffs and intervenors to respond to defendants' motion for reconsideration and advised that the court intended treating the motion for reconsideration as a Rule 60(b) motion.[8]  In light of this advice by the court, it was neither implausible nor improper for defendants to take the

---

[4]Clerk's Docket No. 270.

[5]Clerk's Docket No. 286.

[6]Clerk's Docket No. 271.

[7]Clerk's Docket No. 277.

[8]Clerk's Docket No. 272.

position that they were entitled to file a reply.  Moreover, many
of the arguments that defendants raise in their reply brief are
also raised in their response to plaintiffs' motion for
reconsideration such that the arguments in question would be before
the court anyway.

Again, the motion to strike is denied.

<u>Motions for Reconsideration</u>

Defendants move for reconsideration of the court's order of
June 12, 2006,[9] and plaintiffs file a like motion that further
requests clarification and/or amendment of the June 12, 2006,
order.[10]  Plaintiffs and intervenors have responded to defendants'
motion for reconsideration, and intervenors and defendants have
responded to plaintiffs' motion for reconsideration, clarification,
and/or amendment.

The motions for reconsideration and clarification are granted.
The court's order of June 12, 2006,[11] is withdrawn.  Approximately
concurrent herewith, an amended order will be issued with the
court's revised rulings on intervenors' motion for summary judgment
on their amended cross-claim.

The motions for reconsideration discuss a number of points
that are not appropriate for inclusion in the court's amended order
for summary judgment, and those matters are discussed hereinafter.

---

[9]Clerk's Docket No. 270.

[10]Clerk's Docket No. 271.

[11]Clerk's Docket No. 269.

The parties debate whether the motions for reconsideration were properly brought and properly considered by the court under Rule 59(e) or Rule 60(b), Federal Rules of Civil Procedure. For the reasons discussed below, the relief that defendants and plaintiffs seek is available under either rule. As a consequence, it makes no difference whether the court treats the motions for reconsideration under Rule 59(e) or Rule 60(b).

"[A] motion for reconsideration of summary judgment is appropriately brought under either Rule 59(e) or Rule 60(b)." Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991). A Rule 59(e) motion may properly be granted if the court "'(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" Dixon v. Wallowa County, 336 F.3d 1013, 1022 (9th Cir. 2003) (quoting School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)). A Rule 60(b) motion is properly granted if the moving party demonstrates (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Although the court indicated that it would treat defendants' motion for reconsideration as one brought pursuant to Rule 60(b), the relief from the error of law that both defendants and plaintiffs seek here is available under either Rule 59(e) or

- 4 -

Rule 60(b).   See Turner v. Burlington Northern Santa Fe R.R.,
338 F.3d 1058, 1063 (9th Cir. 2003) (Rule 59(e) motion may be
granted to correct errors of law or fact); Kingvision Pay-Per-View
Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999)
(Rule 60(b) "mistake" includes mistakes by judge).  Plaintiffs also
contend that there are errors of fact, which led to the errors of
law, and that the summary judgment order will impose injustice on
plaintiffs and others.   Relief from errors of fact and manifest
injustice is also available under both Rule 59(e) and Rule 60(b).
See Turner, 338 F.3d at 1063 (Rule 59(e) motion may be granted to
correct errors of fact and to prevent manifest injustice); United
States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)
(Rule 60(b)(6) used sparingly to prevent manifest injustice); In re
Cisneros, 994 F.2d 1462, 1467 (9th Cir. 1993) (mistakes of fact the
precise type of "mistake" Rule 60(b) was intended to reach).
Because the relief that defendants and plaintiffs seek here is
available under either rule, it does not matter whether the court
treats the motions for reconsideration as Rule 59(e) motions or
Rule 60(b) motions.

Motion to Amend Judgment

Defendants argue that the court's order on motion for summary
judgment and the judgment that was entered were contrary to law and
provide an unjust remedy; and defendants move the court,[12] pursuant
to Rule 59(e), Federal Rules of Civil Procedure, to amend the

---

[12]Clerk's Docket No. 277.

judgment.  Plaintiffs have responded with a partial opposition to this motion, and intervenors also oppose the motion.

Intervenors argue that Rule 59(e) has no application here because defendants' motion is not actually directed at the June 20 judgment, but rather at the June 12 summary judgment order. "Rule 59(e) applies only to motions to alter or amend 'a judgment.' A 'judgment' is defined by Rule 54 of the Federal Rules of Civil Procedure as 'any order from which an appeal lies,' in other words a <u>final</u> order." <u>United States v. Martin</u>, 226 F.3d 1042, 1048 (9th Cir. 2000) (emphasis in original; internal citation omitted). Because the June 12 summary judgment order is not an appealable order, and defendants seem to admit that the June 20 <u>judgment</u> was not a final judgment, intervenors argue that Rule 59(e) does not apply here.  Intervenors suggest that this motion is really an untimely and overlength Local Rule 59.1 motion for reconsideration.

As defendants are quick to point out, Local Rule 59.1 does not apply to "final judgments and appealable orders." Defendants contend that even if the June 20 judgment is not a final judgment, it is an appealable order pursuant to 28 U.S.C. § 1292(a)(1) because it enters injunctions against the defendants.

Defendants have the better of the argument.  As already observed at some length, the matters presently before the court can properly be the subject of either a Rule 59(e) or Rule 60(b) motion.  The court has in fact entered a judgment holding the final rule of defendants imposing a 70/30 membership structure for the regional advisory councils to be void, prohibiting the

implementation of that rule, and requiring further rule-making proceedings by the defendants. Faced with that judgment, it was entirely appropriate that the defendants seek relief under Rule 59(e). Moreover, Local Rule 59.1 does not apply in this instance because the court's order on motion for summary judgment and its partial judgment would, in this case, be an appealable order because of the type of relief granted against the defendants.

Defendants next argue that the June 20, 2006, judgment was not properly entered because it did not comply with Rule 54(b). Defendants correctly point out that in order for a judgment that disposes of fewer than all claims or fewer than all parties to be a <u>final</u> judgment, there must be "an express determination that there is no just reason for delay" as to the entry of a final judgment. Fed. R. Civ. P. 54(b). Defendants then state that because the court did not make such an express determination, the June 20, 2006, judgment is not a final judgment, which is also correct.

The court's judgment of June 20, 2006,[13] did not state that it was a final judgment, nor did the court believe that it was entering final judgment. As already observed, the nature of the judgment entered by the court is such that whether it was or was not a final judgment is irrelevant to the question of whether or not the judgment is appealable. Again, it is appealable because it grants injunctive relief. 28 U.S.C. § 1292(a)(1). Defendants cite no rule or law that precludes a federal court from entering a

---

[13]Clerk's Docket No. 273.

judgment that disposes of fewer than all claims or fewer than all parties to a case.

Defendants also contend that in order for the judgment to be properly entered, it should have finally disposed of plaintiffs' claims as well. This contention is based on defendants' assumption that somehow the judgment that was entered was intended to be a final judgment. It was not. Defendants suggest that plaintiffs' claims 1 and 2 should be dismissed for lack of standing and that their claim 3 should be denied as moot. The court has already dismissed claims 1 and 2 of plaintiffs' complaint;[14] but plaintiffs' claim 3 is not moot. Inasmuch as defendants' final rule has presently been voided, plaintiffs' claim 3 (its FACA claim) remains live because of the possibility that in reconsidering its 70/30 rule, defendants could take some action that would breathe new life into plaintiffs' FACA claim.

Because the court has withdrawn its order of June 12, 2006, granting intervenors' motion for summary judgment, it is not only appropriate but also necessary that the court vacate the judgment that was entered on the basis of that order. Accordingly, the court's judgment of June 20, 2006,[15] is vacated.

---

[14]Order re Motions for Summary Judgment at 64 (Jan. 16, 2004), Clerk's Docket No. 208.

[15]Clerk's Docket No. 273.

Conclusion

Based on the foregoing, intervenors' motion to strike[16] is denied, defendants' and plaintiffs' motions for reconsideration[17] are granted; and defendants' motion to amend judgment[18] is granted. The court's order of June 12, 2006,[19] is withdrawn and an amended order on motion for summary judgment will be filed shortly. The court's judgment of June 20, 2006,[20] is vacated, and an amended judgment will be entered by the clerk of court.

DATED at Anchorage, Alaska, this <u>7th</u> day of August, 2006.

<u>/s/ H. Russel Holland</u>
United States District Judge

---

[16]Clerk's Docket No. 286.

[17]Clerk's Docket Nos. 270 and 271.

[18]Clerk's Docket No. 277.

[19]Clerk's Docket No. 269.

[20]Clerk's Docket No. 273.