DEAN K. DUNSMORE
DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Tel: (907)271-5452
Fax: (907)271-5827
Email: dean.dunsmore@usdoj.gov
Attorney for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| SAFARI CLUB INTERNATIONAL, ALASKA CHAPTER OF SAFARI CLUB INTERNATIONAL, et al. | ) ) ) ) | Case No. 3:98-cv-00414-HRH |
| Plaintiffs, | ) ) | POINTS AND AUTHORITIES IN SUPPORT OF |
| v. | ) ) | DEFENDANTS' MOTION FOR ENTRY OF ORDER TO SHOW |
| MICHAEL FLEAGLE, Chairman, FEDERAL SUBSISTENCE BOARD, et al., | ) ) ) ) | CAUSE |
| Defendants. | ) ) ) | |

Defendants have moved the Court for an order requiring plaintiffs, Safari Club International et al., and defendant-intervenors and cross-claim plaintiffs, the Native Village of Venetie Tribal Government et al., to show cause: (1) why any injunction against implementation of 36 C.F.R. § 242.11(b)(1) and 50 C.F.R. § 100.11(b)(1) should not be vacated, and (2) why a final judgment dismissing this action in its entirety should not be entered.

STATEMENT

Proceedings in this action have been directed to the implementation by defendants of requirements of the Federal subsistence use priority created by Title VIII of the Alaska National Interest Lands Conservation Act (ANILCA), 16 U.S.C. §§ 3111-3126. The plaintiffs Safari Club International et al., challenged certain customary and traditional use determinations made by the Federal Subsistence Board, and the membership composition of the Regional Advisory Councils. Order Motions for Summary Judgment (Docket Entry No. 208) filed January 16, 2004 at 22. The intervenors Native Village of Venetie Tribal Government et al. were permitted to intervene to challenge a 70/30 representational balance on the Regional Advisory Councils. *Id.* at 25-27. The court dismissed two of plaintiffs' three claims for lack of standing, *id.* at 46, 64, and held that plaintiffs' third claim may be rendered moot by reason of defendants' rule making proceedings. *Id.* at 64.

The court initially ruled that the 70/30 Regional Advisory Council membership policy challenged by intervenors was not promulgated as required by 5 U.S.C. § 553. *Id.* at 61-52. Therefore, the court ordered defendants to commence a rule making and enjoined implementation of the 70/30 policy pending completion of that rule making. *Id.* at 62-65. This injunction was embodied in the Judgment

in a Civil Action (Docket Entry No. 209).[1]/

Defendants commenced and completed the ordered rule making. Amended Order Motion for Summary Judgment (Docket Entry No. 299) filed August 8, 2006, at 6-5. In that rule making defendants promulgated a regulation that once again established the goal of a 70/30 representational balance on the Regional Advisory Councils. 69 Federal Register 60957-62 (October 14, 2004), and codified at 36 C.F.R. § 242.11(b) and 100 C.F.R. § 100.11(b). Intervenors were permitted to amended their complaint to challenge that 70/30 rule. *Id*. at 8-10. On intervenors' motion for summary judgment, the court found the 70/30 rule to be arbitrary and capricious for failure to adequately explain the basis for the 70/30 rule and to consider alternatives other than the 70/30 representational scheme. *Id* at 24-28. Therefore, the court once again required defendants to engage in further rule making and enjoined application of the 70/30 rule after 2006. *Id*. at 35-36. This decision and injunction was embodied in the Amended Judgment in a Civil Action (Docket Entry No. 300), filed August 8, 2006.[2]/

---

[1]/    While denominated a judgment and utilizing the form for judgments, the court agreed that it did not constitute a final judgment in this action as it did not dispose of all of the claims in this action or contain the certification required for a judgment under Fed. R. Civ. P. 54(b). Order Post-Judgment Motions (Docket Entry No. 298) filed August 7, 2006, at 7.

[2]/    For the reasons noted in footnote 1 above, this amended judgment too, does not constitute a final judgment in this action.

Defendants have now completed the latest ordered rule making. 73 Federal Register 19433-37 (April 10, 2008).[3]/ That rule making reaffirms and leaves unchanged the 70/30 rule as originally promulgated in 2004 and codified at 36 C.F.R. § 242.11(b) and 50 C.F.R. § 100.11(b). 73 Federal Register 19436.

### CLARIFICATION OF THE SCOPE OF DOCKET ENTRY No. 300 IS NEEDED

The Amended Judgment in a Civil Case (Docket Entry No. 300) at 1, reads in pertinent part as follows:

> The court declares that the final rule that imposed a 70/30 membership structure for the regional advisory councils is arbitrary and capricious for the lack of an administrative record providing the rationale for the adoption of that final rule. However, defendants may employ the 70/30 rule for the year 2006 vacancies. *As to vacancies occurring after calendar year 2006, defendants and all others acting in concert with them are enjoined and restrained from further implementation of the 70/30 final rule and regional advisory council charter provisions based thereon.* (Emphasis added)

While this "Judgment" also ordered defendants to commence the required rule making, and retained jurisdiction over this action and stayed further proceedings in this action, Amended Judgment in a Civil Case at 2, it does not provide for what is to happen after the ordered rule making has been completed, and does not specifically provide that the injunction on implementation of the

---

[3]/ Copy attached as Exhibit 1 to Defendants' Notice of Administrative Action (Docket Entry No. 317) filed April 11, 2008.

70/30 expires once that rule making has been completed.

By implication the injunction would appear to be lifted upon completion of the rule making as the purpose of the injunction was to enjoin application of the 70/30 rule pending completion of that rule making. However, in order to ensure that there is no issue as to whether the injunction against implementation of the 70/30 rule does or does not remain in place, defendants request that the court order the plaintiffs and intervenors to show cause why any injunction against implementation of 36 C.F.R. § 242.11(b)(1) and 50 C.F.R. § 100.11(b)(1) should not be vacated.

Plaintiffs have previously represented that the 70/30 rule was acceptable to them. Joint Status Report (Docket Entry No. 234) filed January 7, 2005, at 1-2. Therefore, the only potential claim that might remain in this action would appear to be a renewed challenge by intervenors to the 70/30 rule. Given the court's prior rulings in this action and the explanations set forth in 73 Federal Register 19433-37, intervenors may well now decide not to once again challenge this rule. Therefore, defendants also request that the court order plaintiffs and intervenors to show cause why this

action may not now be deemed completed and a final judgment dismissing this action in its entirety should not be entered.

DATED this 23rd day of May 2008.

S/Dean K. Dusnmore

DEAN K. DUNSMORE
DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone:(907)271-5452
Facsimile: (907)271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of May, 2008, a copy of the foregoing Points and Authorities in Support of Defendants' Motion for Order to Show Cause was served electronically on:

Brent R. Cole
Anna M. Seidman
Heather Kendall-Miller
Carol H. Daniel

s/ Dean K. Dunsmore
DEAN K. DUNSMORE