


Brent R. Cole, Esq.
MARSTON & COLE, P.C.
821 N Street, Suite 208
Anchorage, AK  99501
907-277-8001

Anna M. Seidman, Esq.
SAFARI CLUB INTERNATIONAL
501 2nd Street, N.E.
Washington, D.C.  20002
202-543-8733
aseidman@safariclub.org

Attorneys for the Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL FLEAGLE, Chairman,<br>FEDERAL SUBSISTENCE BOARD, *et al.*<br>Defendants,<br><br>and<br><br>NATIVE VILLAGE OF VENETIE TRIBAL<br>GOVERNMENT *et al.*<br>Defendant-Intervenors. | Case No. A98-414 CV(HRH) |

**Plaintiffs' Response to Order to Show Cause**

Pursuant to this Court's May 30, 2008 Order to Show Cause (Dkt. No. 320), Plaintiffs Safari Club International *et al.* ("SCI *et al.*") submit that there is no reason (1) why the Court should not vacate any injunction against implementation of 36

C.F.R. § 242.11(b)(1) and 50 C.F.R. § 100.11(b)(1) entered in this case and (2) why the Court should not enter a final judgment dismissing this action. In acceding to the dismissal of this action by this Court, SCI *et al*. do not waive their right to appeal any or all of this Court's rulings on the claims of SCI *et al's* Amended Complaint, which will become final when the Court dismisses this action.

## Consequences of the Dismissal

SCI *et al*. commenced this litigation almost ten years ago by filing a Complaint to challenge 1) individual Federal Subsistence Board ("FSB") subsistence priority decisions; 2) the manner in which the FSB was making those decisions; and 3) the composition of the Regional Advisory Councils ("RACs") that advised the FSB. Though the imminent dismissal of this action suggests that it was the Federal Defendants and not SCI *et al*. who have prevailed in this litigation, this would not be an accurate assessment of the consequences of the lawsuit. In reality, this lawsuit has instigated and/or fueled numerous changes in FSB policy and conduct, in individual subsistence priority decisions that were the focus of SCI *et al*.'s original challenge, and in the composition of the RACs. For the record, the following examples demonstrate the changes that Federal Defendants have instituted in direct response to SCI *et al*.'s litigation challenges.

First, SCI *et al*.'s Amended Complaint (Docket Entry No. 29) challenged Federal Defendants' failure to comply with the Alaska National Interest Lands Conservation Act's ("ANILCA") mandate that RAC recommendations be based upon "substantial evidence." On May 7, 2002, Federal Defendants amended the ANILCA

2

regulations to *clarify* that RAC recommendations "*should be* supported by substantial evidence." (emphasis added)  36 C.F.R. § 242.11, 50 C.F.R. § 100.11.

Second, in their Memorandum in Support of Motion for Summary Judgment, filed on October 21, 2002 (Docket Entry No. 133), SCI *et al.* challenged the content and/or lack of FSB Rules of Operation or Operating Procedures.  Federal Defendants, in their Opposition to SCI *et al.'s* Motion for Summary Judgment, admitted that the FSB had never adopted formal "Operating Procedures."  (Docket Entry No. 171)  On August 10, 2003, the FSB rectified that illegality when, in a work session, the FSB officially adopted "Meeting Guidelines" that established the procedures for the meetings in which the FSB creates subsistence priorities.

Third, the aforementioned "Meeting Guidelines" themselves corrected yet another illegality identified in SCI *et al.'s* litigation.  In its Memorandum in Support of Motion for Summary Judgment, SCI *et al.* challenged the FSB's failure to make an adequate record to explain the basis of its subsistence priority decisions, noting that, when the Board *adopts* a council recommendation, the Board often remains silent as to its reasoning.  SCI *et al*. Memorandum in Support of Summary Judgment, p. 22 (Docket Entry No. 133).  The Meeting Guidelines adopted by the FSB on August 10, 2003 established a detailed description of the FSB's record making obligations during the decision-making process.  Documentation of the existence of the FSB's new "Meeting Guidelines" appears in the transcripts of meetings of the Eastern Interior and Bristol Bay RACs.  (1 Administrative Record 2005, at. 000903, 2 Administrative Record 2005, at 001427).

Fourth, SCI *et al.'s* Motion for Summary Judgment also challenged that the committee composed of the chairpersons of the ten RACs, otherwise known as "The Council of Chairs" constituted a de facto federal advisory committee that violated the Federal Advisory Committee Act ("FACA"), by not complying with the statute's meeting rules and requirements. The FSB subsequently acknowledged that SCI *et al.'s* litigation had alerted the Federal Defendants to the illegality of the "Council of Chairs" and prompted the government to disband the de facto advisory committee. (5 Administrative Record 2005, at 004709 (Kodiak Aleutians RAC, Meeting March 19, 2004)).

Fifth, SCI *et al.'s* Amended Complaint challenged the FSB's decision to close the Red Sheep Creek and Cane Creek drainages within the Arctic Village Sheep Management Area for sheep hunting to anyone but residents of Arctic Village, Venetie, Fort Yukon, Kaktovik and Chalkyitsik. SCI *et al.* challenged the decision based on the lack of evidence to support a closure of areas of Unit 25(A) to non-subsistence sheep hunting. Recently, the FSB finally acknowledged the impropriety of that closure and opened the area to hunting by others. The 2008 Code of Federal Regulations specifies that the area within the drainages is now open to hunting to residents and non-residents:

> Units 25A – Arctic Village Sheep Management Area – 2 rams by Federal registration permit only. Federal public lands, ***except the drainages of Red Sheep Creek and Cane Creek during the period of Aug. 10 - Sept. 20,*** are closed to the taking of sheep except by rural Alaska residents of Arctic village, Venetie, Fort Yukon, Kaktovik, and Chalkyitsik hunting under these regulations. . . . Aug. 1- - Apr. 30

4

(emphasis added) 36 C.F.R § 242.26,  50 C.F.R. § 100.26.

Finally, even, the FSB's Final Rule to balance the membership of the Regional Advisory Councils, by including the representation of non-subsistence interests, was also prompted, at least in part, by SCI *et al.*'s legal challenge.  Although Federal Defendants have consistently professed to have made the decision to balance the councils independently of SCI *et al.*'s litigation, their position is undermined by the June 17, 2002 letter of Department of the Interior Deputy Associate Solicitor Paul B. Smyth to then FSB Chairman Mitch Demientieff critiquing the FSB's plan to comply with Federal Advisory Committee Act ("FACA") requirements.  Smyth commented that matters concerning compliance with the FACA had "acquired heightened urgency for two important reasons."  One reason was that the RACs' charters were up for renewal and the second was that "we are now engaged in litigation challenging the construction of the present Regional Advisory Councils."

The Federal Defendants' promulgation of a Final Rule to balance the membership of the Regional Advisory Councils has made it possible for this Court to finalize prior rulings and to dismiss this action.  But this "dismissal" is not an unqualified victory for the Federal Defendants.  Instead, the course of events over the last ten years demonstrates that it is SCI *et al*. and the non-subsistence hunting community who have succeeded and have benefitted greatly as a result of this litigation.

DATED this 20th day of June, 2008.

Respectfully Submitted:

s/Brent Cole, Esq.

Brent R. Cole, Esq. (Alaska Bar #8606074)
Marston & Cole, P.C.
821 N Street, Suite 208
Anchorage, AK  99501
Telephone: (907) 277-8001
Facsimile:  (907) 277-8002
cole@pobox.alaska.net

Anna M. Seidman, Esq.
Safari Club International
501 2nd Street, N.E.
Washington, D.C.  20002
Telephone: (202) 543-8733
Facsimile:  (202) 543-1205
aseidman@sci-dc.org

*Attorneys for Plaintiffs*
*Safari Club International, et al.*

6